[Civ. No. 18769. Second Dist., Div. Three. May 19, 1952.]

ALLEN C. WOODARD III et al., Respondents, v. BROAD-
WAY FEDERAL SAVINGS AND LOAN ASSOCIA-
TION OF LOS ANGELES (a Corporation) et al., Ap-
pellants.

Thomas L. Griffith, Jr., and Bishop & Hoffman for Appellants.

Russell H. Pray and Eric A. Rose for Respondents.

VALLÉE, J.—Appeal by defendants from (1) a judgment which declared invalid the election of the individual defendants to the board of directors of defendant Broadway Federal Savings and Loan Association of Los Angeles, directed that a new election be held, and appointed a master for the purpose of supervising the election proceedings; (2) an order denying their motion for a new trial; and (3) an order denying their motions to amend the conclusions of law, to vacate the judgment and to dismiss the action, and for entry of another and different judgment.

Defendant Broadway Federal Savings and Loan Association of Los Angeles, a federal savings and loan association, was chartered on November 25, 1946, by the Federal Home Loan Bank Board[1] under section 5 of the Home Owners' Loan Act of 1933,[2] and is engaged in the business of home financing in California, with its principal place of business in Los Angeles.

---

[1] Now the ''Home Loan Bank Board'' (12 U.S.C.A. § 1462 App.).
[2] 12 U.S.C.A. § 1464.

Plaintiffs and the individual defendants are members of defendant association. Some of the plaintiffs and the individual defendants were nominees for the positions of director of defendant association. On February 24, 1950, a special meeting was held for the principal purpose of conducting the annual election of directors. The individual defendants were elected directors at the meeting.

On February 27, 1950, plaintiffs brought this action under section 2236 et seq. of the Corporations Code of California[3] to determine the validity of the election of the individual defendants. Plaintiffs challenged the manner in which the election and balloting was conducted, the right of the secretary to determine the maximum number of proxy votes certain members were entitled to cast and the validity and effect of those cast and counted. No application or petition was filed by plaintiffs with the Home Loan Bank Board challenging the validity of the election.

The court adjudged that the election was null and void, of "no force and effect," for the reason it was conducted contrary to the charter and bylaws of defendant association and the laws of California, and that the individual defendants had not been elected to the office of director at the election, and ordered that a new election be called.

Defendants contend that plaintiffs have an administrative remedy which they have not initiated or exhausted, that under the Home Owners' Loan Act of 1933 and the rules and regulations adopted thereunder, jurisdiction over the subject matter is vested in the Home Loan Bank Board and the superior court had no jurisdiction. The contention must be upheld.

 Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and this remedy must be exhausted before the courts will act.

---

[3] § 2236. "Upon the filing of an action therefor by any shareholder, the superior court shall try and determine the validity of any election or appointment of any director of any domestic corporation, or of any foreign corporation if the election was held or the appointment was made in this State. In the case of a domestic corporation the action shall be brought in the county in which the principal office of the corporation is located. In the case of a foreign corporation the action shall be brought in the county in which the corporation has its principal office in this State or in which the election was held or the appointment was made."

§ 2238. "The court may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, and direct such other relief as may be just and proper."

(*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal, supra,* p. 293; *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26].) ■ The doctrine of exhaustion of administrative remedies applies where a statute provides an administrative remedy, even though the terms of the statute do not make the exhaustion of the remedy a condition of the right to resort to the courts. (*First Nat. Bank* v. *Board of County Comrs.,* 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 784, 788-789].)
■ The doctrine, whenever applicable, requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. (*Home Loan Bank Board* v. *Mallonee,* (9 Cir.) 196 F.2d 336; *Aircraft & D. Equipment Corp.* v. *Hirsch,* 331 U.S. 752, 767 [67 S.Ct.1493, 91 L.Ed. 1796, 1806]; *Red River Broadcasting Co.* v. *Federal C. Com.* (C.A.D.C.), 98 F.2d 282, 287, cert. den. 305 U.S. 625 [59 S.Ct. 86, 83 L.Ed. 400].) "[I]t lies within the power of the administrative agency to determine in the first instance, and before judicial relief may be obtained, whether a given controversy falls within the statutory grant of jurisdiction. (*United States* v. *Sing Tuck,* 194 U.S. 161 [24 S.Ct. 621, 48 L.Ed. 917]; *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U.S. 41 [58 S.Ct. 459, 82 L.Ed. 638]; *Federal Trade Com.* v. *Claire Furnace Co.,* 274 U.S. 160 [47 S.Ct. 553, 71 L.Ed. 978]; *Federal Power Com.* v. *Metropolitan Edison Co.,* 304 U.S. 375 [58 S.Ct. 963, 82 L.Ed. 1408]; *South Porto Rico Sugar Co.* v. *Munoz,* 28 F.2d 820; 48 Yale L.J. 981, 992-995.)" (*United States* v. *Superior Court,* 19 Cal.2d 189, 195 [120 P.2d 26].) The importance of giving the administrative agency the first opportunity to determine the extent of its jurisdiction and to decide in a final way matters falling therein is discussed in *Camp* v. *Herzog,* (C.A.D.C.) 190 F.2d 605, and *S.S.W., Inc.,* v. *Air Transport Ass'n. of America* (C.A.D.C.), 191 F.2d 658. (See, also, *Fahey* v. *Mallonee,* 332 U.S. 245 [91 L.Ed. 2030, 67 S.Ct. 1552], which held that before an action could be brought to enjoin a conservator of a federal savings and loan association appointed by the board under the rules and regulations, the parties were first required to exhaust their administrative remedy before the board.)

The Home Owners' Loan Act of 1933[4] empowers the Home Loan Bank Board "under such rules and regulations as it may prescribe, to provide for the organization, incorporation, examination, *operation* and *regulation*" of federal savings and loan associations, and "to issue charters therefor, giving primary consideration to the best practices of local mutual thrift and home-financing institutions in the United States." (§ 1464a. Italics added.) Upon issuance of a charter, the association automatically becomes a member of the Federal Home Loan Bank of the district in which the association is located. (§ 1464f.) Each association is issued a standard, prescribed form of charter and bylaws.[5] Pertinent provisions of defendant-association's charter and bylaws relating to the subject matter of the action are set forth in the margin.[6] The

---

[4] 12 U.S.C.A. § 1461 et seq.

[5] 24 C.F.R. (1951 Supp.), ch. 1, subchapter C, §§ 144.1-144.7.

On November 25, 1946, when defendant-association's charter was issued it was known as "Charter K." (24 C.F.R. (1949 ed.), ch. 1, subchapter C, § 142.9.) Currently all newly chartered associations are issued "Charter N." (24 C.F.R. (1951 Supp.), ch. 1, subchapter c, § 144.1.) An association having a Charter K may amend such charter in its entirety to read in the form of Charter N. (§ 144.3.) The differences between the two charters do not concern any of the matters relating to this appeal.

[6] "3. Objects and powers.—. . . The statute [Home Owners' Loan Act of 1933], this charter, and rules and regulations made thereunder provide for examination and supervision and at the same time for the protection of all private rights concerned, and shall be construed in keeping with the best practices of local mutual thrift and home-financing institutions in the United States. . . . The association shall have . . . bylaws not inconsistent with the Constitution or laws of the United States, this charter, and rules and regulations of the Federal Home Loan Bank Board, providing for the management of its property and regulation and government of its affairs; . . .

"In addition to the foregoing powers expressly enumerated, the association shall have power to do all things reasonably incident to the accomplishment of its express objects and the performance of its express powers. The association shall have such powers as are conferred by law and shall exercise its powers in conformity with the Home Owners' Loan Act of 1933 and all laws of the United States as they now are, or as they may hereafter be amended, and with the rules and regulations made thereunder which are not in conflict with this charter.

"4. Members.—All holders of share accounts of the association and all borrowers therefrom shall be deemed and held to be members thereof. In the consideration of all questions requiring action by the members, each holder of a share account shall be permitted to cast one vote for each $100, or fraction thereof, of the participation value of his share account. A borrowing member shall be permitted, as a borrower, to cast one vote, and to cast the number of votes to which he may be entitled as the holder of a share account. No member, however, shall cast more than 50 votes. Voting may be by proxy. . . . A majority of all votes cast at any meeting of members shall determine any question. The members who shall be entitled to vote at any meeting of the mem-

charter provides that defendant association "shall have such powers as are conferred by law and shall exercise its powers in conformity with the Home Owners' Loan Act of 1933 and all laws of the United States as they now are, or as they may hereafter be amended, and with the rules and regulations made thereunder which are not in conflict with this charter."

▇ The rules and regulations promulgated by the board under authority of the Home Owners' Loan Act of 1933, which were in effect at the time of the challenged election, are found in title 24, Code of Federal Regulations (1949 Ed.), chapter 1, subchapter C, parts 141-150. They are comprehensive, explicit, and govern the operation of federal savings and loan associations from their inception to their dissolution. They have the force and effect of law and are binding on an association, its board of directors, and its members. (*Community Federal Sav. & Loan Ass'n* v. *Fields*, (8 Cir.) 128 F.2d 705, 707.)

Part 142.2 thereof provides: "Any person who has made an application or petition to the Board pursuant to any provision of Parts 143, 144, 145, or 146 of this subchapter may request a hearing thereon, provided such application or petition has been denied or disapproved by the Board. At any time after the filing of any such application or petition and

---

bers shall be those owning share accounts and borrowing members of record on the books of the association at the end of the calendar month next preceding the date of such meeting. The number of votes which each member shall be entitled to cast at any meeting of the members shall be determined from the books of the association as of the end of the calendar month next preceding the date of such meeting. . . .

"16. Amendment of charter.—No amendment, addition, alteration, change, or repeal of this charter shall be made unless such proposal is made by the board of directors of the association, and submitted to and approved by the Federal Home Loan Bank Board, and is thereafter submitted to and approved by the members at a legal meeting Any amendment, addition, alteration, change, or repeal so acted upon and approved shall be effective, if filed with and approved by the Federal Home Loan Bank Board, as of the date of the final approval by the members."

The bylaws provide: Voting at any meeting may be by proxy "provided that no proxies shall be voted at any meeting unless such proxies shall have been placed on file with the secretary of the association, for verification, at least (5) days prior to the date on which such meeting shall convene." (§ 1.)

All meetings of the members and of the board of directors shall be conducted in accordance with Robert's Rules of Order. (§ 4.)

The bylaws may be amended at any time by a two-thirds affirmative vote of the board of directors, or by a vote of the members of the association. Each and every amendment shall be ineffective until approved by the Home Loan Bank Board. (§ 10.)

before consideration thereof by the Board, any interested person may request a hearing upon such application or petition. *The Board may order a hearing in connection with the consideration of any matter arising under any provision of the rules and regulations in this subchapter, whether or not any request therefor has been made by any person.* The Board may deny any request for, or dispense with, any hearing for which this section provides when, in its judgment, no need therefor exists." (Italics added.)

The "subchapter" referred to in the foregoing quotation, is "Subchapter C," covering the entire subject matter of the "Federal Savings and Loan System [Revised]." Parts 141-150, inclusive, are all a part of subchapter C. Part 144, entitled "Charter and Bylaws," contains the prescribed form of charter and bylaws. The charter defines the powers of the association, and the bylaws prescribe the rights and duties of the members with respect to the "management of its property and regulation and government of its affairs." Under part 142.2 the board may order a hearing in connection with the consideration of any matter arising under any provision of the rules and regulations, including matters arising under the charter and bylaws.

We think it is unmistakable that there is an administrative remedy available to plaintiffs before the Home Loan Bank Board. The board is empowered to and it has adopted rules and regulations for the operation and regulation of federal savings and loan associations. ██ Such an association must exercise its powers in conformity with the rules and regulations. The charter and bylaws are prescribed by the board. ██ The charter of defendant association expressly provides how balloting at elections of directors shall be conducted; who may vote; the number of votes that shall determine any question; and that voting may be by proxy. The bylaws provide when and how proxies shall be voted, and that all meetings of the members shall be conducted in accordance with Robert's Rules of Order. The board is empowered to entertain and hear the application or petition of any interested person in connection with any provision of the charter, the bylaws, and the rules and regulations. An administrative remedy is thus provided to determine the validity of the challenged election. Since an administrative remedy is provided, plaintiffs must first exhaust that remedy before turning to the courts for relief. It lies within the power of the board to determine in the first instance whether

a controversy with respect to the internal management of an association is within its sphere of jurisdiction, and the superior court has no jurisdiction to act. To hold otherwise would, in effect, substitute the determination of the courts for the determination which Congress intended should be made by the board, and would defeat the purpose of the act.

The trial court erred in not dismissing the action on the ground that an administrative remedy was open to plaintiffs which was not first exhausted.

The appeals from the orders denying the motion for a new trial, and denying the motion to amend the conclusions of law, are dismissed. The judgment is reversed with directions to dismiss the action.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 17, 1952. Carter, J., was of the opinion that the petition should be granted.