STATE OF WEST VIRGINIA *ex rel.* W. E. BURCHETT, SUPERINTENDENT, WEST VIRGINIA DEPARTMENT OF PUBLIC SAFETY

*v.*

HONORABLE FRANK L. TAYLOR, JUDGE OF THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

(No. 12572)

Submitted May 31, 1966.          Decided July 12, 1966.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for relators.

*Frank L. Taylor, Jr.,* for respondent.

CALHOUN, JUDGE:

On December 10, 1965, W. E. Burchett, Superintendent of the West Virginia Department of Public Safety, as a disciplinary measure, demoted O. S. Neely, a member of the department, from his rank as a sergeant to the rank of trooper and transferred him to a different post within the state. The Circuit Court of Kanawha County granted Neely an appeal to that court from the ruling and action of the superintendent of the department. In this proceeding in prohibition instituted in this Court, pursuant to its original jurisdiction, W. E. Burchett, in his official capacity, seeks to prohibit Honorable Frank L. Taylor, Judge of the Circuit Court of Kanawha County, from proceeding further in the O. S. Neely case.

In the prohibition proceeding it is asserted that the Circuit Court of Kanawha County lacks jurisdiction to proceed further in the case appealed to that court for two reasons:

(1)   O. S. Neely has not exhausted the administrative remedies made available to him by the provisions of Article 2, Chapter 15, Code, 1931, as amended; and

(2)   Chapter 29A, Code, 1931, as amended, the State Administrative Procedures Act under which the appeal was granted by the circuit court, is not applicable to the O. S. Neely case.

Chapter 15, Article 2, Code, 1931, as amended, deals with the department of public safety, frequently referred to as the state police. Section 19 of Article 2 provides that the superintendent "may suspend or remove from the service any member of the department" on any one of various grounds specifically enumerated. Section 20 of Article 2 provides that the governor, by and with the advice and consent of the senate, shall appoint two persons, possessing qualifications enumerated in the statute, as a board of commissioners. Section 20 contains the following additional language: "The two persons so appointed shall constitute the board of commissioners whose duty it shall be to review all cases of appeal from the findings of the superintendent on charges filed against any such member of the department of public safety, and in all cases of dismissal or suspension of any member of the department of public safety by the superintendent as hereinbefore provided." The statutory language quoted immediately above is quite broad and inclusive and clearly makes available to O. S. Neely a right of appeal to the board of commissioners from the action of the superintendent. This is an administrative remedy which Neely has not exhausted. The doctrine of exhaustion of administrative remedies requires that, where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act. 2 Am. Jur. 2d, Administrative Law, Section 595, page 426; *Daurelle* v. *Traders Federal Savings & Loan Association of Parkersburg et al.,* 143 W. Va. 674, pt. 1 syl., 104 S. E. 2d 320.

Code, 1931, 15-2-8, authorizes the superintendent, subject to the written approval of the governor, to "make and promulgate proper rules and regulations for the government, discipline and control of the department of public safety, and also proper rules and regulations for the examination of all applicants for appointment thereto." Pursuant to the power and authority granted by the statute, extensive rules and regulations, which are referred to as general orders, have been formulated, adopted and promulgated by the department. Charges against O. S. Neely were preferred

and his hearing was conducted in conformity with pertinent rules and regulations, or general orders, of the department.

The superintendent convened a board of inquiry consisting of two captains and three lieutenants, all members of the department, to hear the charges against Sergeant Neely. All witnesses for both the prosecution and the defense were duly sworn to tell the truth, the whole truth and nothing but the truth. Sergeant Neely was permitted to have a member of the department of his own selection to act as his counsel at the hearing. He selected a sergeant who was assisted by a lieutenant. On motion of the defense, witnesses were excluded. All proceedings were recorded and transcribed. Sergeant Neely and the sergeant who was acting as counsel were asked whether they had any objection to any of the five persons sitting on the board of inquiry. They replied that the defense had no objection. Sergeant Neely was asked to stand and thereupon the charges were read to him. He stated that he understood the charges. When asked to plead, he entered a plea of not guilty. At the conclusion of the taking of testimony, the defense was allowed fifteen minutes "for argument and summation." The board of inquiry, voting in closed session and by secret, written ballots, found Sergeant Neely guilty in relation to two of the four charges of misconduct made against him, and recommended that he be demoted to the rank of trooper and transferred. The superintendent followed that recommendation. It appears from the record that the hearing was fair and that Sergeant Neely's rights were carefully safeguarded.

The judge of the circuit court apparently felt that Neely may have been denied due process of law. We do not perceive any basis for such a conclusion. "Due process of law may be afforded administratively as well as judicially. Lawful administrative process is due process equally as much as judicial process. * * *" *Nulter* v. *State Road Commission of West Virginia et al.*, 119 W. Va. 312, pt. 3 syl., 193 S. E. 549. "Due process of law does not always require judicial hearing. It does in matters of purely judicial nature, but not in matters of taxation or matters purely administra-

tive." *State* v. *Sponaugle et al.,* 45 W. Va. 415, pt. 3 syl., 32 S. E. 283. See also *State* v. *Swann et al.,* 46 W. Va. 128, 132, 33 S. E. 89, 91; *State ex rel. Thompson* v. *Morton,* 140 W. Va. 207, 84 S. E. 2d 791; 2 Am. Jur. 2d, Administrative Law, Section 351, page 163; 16 Am. Jur. 2d, Constitutional Law, Section 581, page 986; 16A C. J. S., Section 569 (4) b., page 578; 43 Am. Jur., Public Officers, Section 208, page 49; 24 A. L. R. 2d, Section 8, page 861. "The right of appeal or review is not essential to due process, provided due process has already been accorded in the tribunal of first instance." 16 Am. Jur. 2d, Constitutional Law, Section 584, page 989.

Chapter 29A, Code, 1931, as amended, the Administrative Procedures Act, was enacted by the legislature as Chapter 1, Acts of the Legislature, Regular Session, 1964, and was made effective on July 1, 1964. Its provisions have not been construed heretofore by this Court. A rather extended discussion of the provisions and of the applicability of the statute appears in an article in 66 W. Va. L. Rev. 159. That article makes apparent the author's view that difficult problems will arise in the construction and application of the statute. The statute expressly excludes from its applicability various agencies of state government, including the public service commission, the board of probation and parole and the board of public works. The statute does not expressly state that its provisions shall or shall not be applicable to the department of public safety. We are of the opinion, however, that Chapter 29A is not applicable to the case involving the demotion and transfer of O. S. Neely and that the case was not appealable to the circuit court.

As we have stated previously in this opinion, Code, 1931, 15-2-19, as amended, provides that the superintendent "may suspend or remove from the service any member of the department" on any one of the grounds specifically enumerated. The statute, in this respect, has not been changed over a period of many years. We must assume that the legislature had a purpose in omitting any reference in Chapter 15 to demotion in rank, and an intent to leave such matters to the sound discretion of the superintendent. On

the other hand, Code, 1931, 8-5A-13, as amended, dealing with civil service for municipal police departments, contains the following language: "No member of any police department * * * shall be removed, discharged *or reduced in rank or pay* except for just cause, * * *." (Italics supplied.)

While Chapter 15 makes no reference to demotions, it does contain, in Section 8, the following provision which apparently was designed to cover matters of discipline within the department other than suspension or removal from the service: "Subject to the written approval of the governor, the superintendent may make and promulgate proper rules and regulations for the government, discipline and control of the department of public safety and also proper rules and regulations for the examination of all applicants for appointment thereto." In enacting the State Administrative Procedures Act in 1964, the legislature did not expressly repeal any portion of Article 2 of Chapter 15, which deals with the department of public safety.

Article 1, Section 1 of the Administrative Procedures Act contains definitions of various terms as used in the act, as follows: " (a) 'Agency' means any state board, commission, department or officer authorized by law to make rules or adjudicate contested cases, except those in the legislative or judicial branches; * * * (c) 'Rule' includes every regulation, standard, or statement of policy or interpretation of general application and future effect, including the amendment or repeal thereof, affecting private rights, privileges or interests, or the procedures available to the public, adopted by an agency to implement, extend, apply, interpret or make specific the law enforced or administered by it or to govern its organization or procedure, *but does not include regulations relating solely to the internal management of the agency,* * * *." (Italics supplied.) The demotion of O. S. Neely was purely a disciplinary measure "relating solely to the internal management" of the department. In this respect, the case may be distinguished from a case involving the rights of a member of the public.

In Article 1, Section 1 of the Administrative Procedures Act, the following additional definition appears: " (e) 'Contested case' means a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties *are required by law or constitutional right to be determined after an agency hearing,* * * *." (Italics supplied.) Members of the department of public safety are not protected by any civil service statute. We are not aware of any statute or constitutional provision which gives to members of the department of public safety any tenure of office or position. The rules and regulations of the department merely establish a well defined procedure for a hearing and for an appeal to the board of commissioners. We are not aware of any statute which expressly requires such a hearing.

In a decision of this case, Chapter 15 and Chapter 29A, though enacted at different times, must be considered *in pari materia. Delardas* v. *Morgantown Water Commission et al.,* 148 W. Va. 776, pt. 1 syl., 137 S. E. 2d 426; *State ex rel. Smith* v. *Ritchie County Court et al.,* 147 W. Va. 521, pt. 1 syl., 129 S. E. 2d 319. Considering the pertinent statutes in their entirety, we believe that the Administrative Procedures Act does not apply in this particular case not involving the public, but rather involving a mere disciplinary action "relating solely to the internal management" of the department. The article in 66 W. Va. L. Rev., previously referred to in this opinion, contains the following language at page 169: "The contested case article of the new act does not provide a right to a hearing but it provides the procedure for a hearing where a hearing is required by other provisions of law or by constitutional right."

It is well settled that prohibition is a proper proceeding in this Court to prevent a circuit court from proceeding further in a case in which it lacks jurisdiction. *State ex rel. City of Huntington, etc., et al.* v. *Lombardo et al.,* 149 W. Va. 671, 143 S. E. 2d 535.

For reasons stated in this opinion, the writ of prohibition as prayed for is awarded.

*Writ awarded.*