THE BANK OF WHEELING, *a W.Va. Corporation*

*v.*

MORRIS PLAN BANK & TRUST CO., *a W.Va. Corporation*

(No. 13041)

Submitted September 7, 1971.    Decided October 5, 1971.

246

*Pinsky, Mahan, Barnes, Watson, Cuomo & Hinerman, Abraham Pinsky,* for appellant.

*McCamic & McCamic, Jeremy McCamic,* for appellee.

BERRY, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Ohio County, West Virginia, of December 3, 1970, against the Bank of Wheeling, hereinafter referred to as appellant, which sustained a plea in abatement filed by the Morris Plan Bank & Trust Co., hereinafter referred to as appellee. The complaint sought a temporary injunction, as well as a permanent injunction, based on the alleged unfair, unauthorized and illegal competition of the Morris Plan Bank & Trust Co. in carrying on its banking activities. On December 14, 1970, an appeal was granted from said judgment and the case was submitted to this Court for decision on arguments and briefs on September 7, 1971.

The Bank of Wheeling and the Morris Plan Bank & Trust Co. are chartered banking institutions under the laws of the State of West Virginia. The Bank of Wheeling alleges that the Morris Plan Bank & Trust Co. is illegally operating a branch bank in violation of the banking laws of this State. The Morris Plan Bank & Trust Co. has erected and is operating a drive-in banking facility which is directly across the street from the Bank of Wheeling, and a distance of about 300 to 600 feet from the Morris Plan Bank & Trust Company's principal office. The drive-in facility is connected to the principal office by a pneumatic tube. The Bank of Wheeling claims that this alleged illegal competition by the Morris Plan Bank & Trust Co. has damaged it, justifying the Circuit Court in granting an injunction and awarding damages.

The Morris Plan Bank & Trust Co. filed a plea in abatement stating that the plaintiff had not exhausted its administrative remedies, raising the question of the jurisdiction of the circuit court. The plea was sustained and the complaint dismissed.

The Bank of Wheeling contends that the issue involved is a simple factual determination of what constitutes branch banking, and that the expertise of the Commissioner of Banking is not required in this case. It also contends that it does not have to exhaust its administrative remedies before bringing this action.

The Circuit Court of Ohio County, having dismissed the complaint on jurisdictional grounds because the Bank of Wheeling had not exhausted its administrative remedies and having not passed on the merits or any questions dealing with substantive law, this Court will direct its attention only to the question as to whether or not the circuit court should take jurisdiction to hear the case on its merits. *In Re: Nicholas Estate,* 142 W.Va. 80, 94 S.E.2d 452; *Pettry* v. *C. & O. Ry. Co.,* 148 W.Va. 443, 135 S.E.2d 729; *In Re: Morgan Hotel Corp.,* 151 W.Va. 357, 151 S.E.2d 676; *Velma Irene Mowery* v. *Russel Hitt, et al.,* 155 W.Va. 103, 181 S.E.2d 334, (decided by this Court May 25, 1971). This

principle is clearly stated in point 1 of the syllabus of the *Mowery, supra,* case, in the following language: "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Therefore, the only issue involved in this case is whether the Bank of Wheeling should have exhausted its administrative remedy before proceeding in the Circuit Court of Ohio County with the suit for an injunction and damages.

There is no question that there is an administrative remedy provided for in the matter involved in the instant case. It is specifically provided for in the state banking law, Code, 31A-8-1, as amended, wherein prompt action may be had by filing a written demand for a hearing before the commissioner. Such hearing must be set by the commissioner not less than ten nor more than thirty days after receipt of the demand. The banking act also provides that the pertinent provisions of the State Administrative Procedures Act, Code, 29A-5-1, as amended, shall apply and govern the hearings and procedures.

It has been held by this Court that the general rule in such cases is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and that such remedy must be exhausted before the courts will take jurisdiction. 73 C.J.S., *Public Administrative Bodies and Procedure,* § 41, p. 351; *Daurelle* v. *Traders Federal Savings & Loan Association of Parkersburg,* 143 W.Va. 674, 104 S.E.2d 320; *State ex rel. Burchett* v. *Taylor,* 150 W.Va. 702, 149 S.E.2d 234. This rule is succinctly stated in point 1 of the syllabus of the *Daurelle, supra,* case, and also quoted from that case as point 1 of the syllabus of the case of *State ex rel. Burchett* v. *Taylor, supra,* as follows: "The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act."

This principle applies alike to relief at law and relief in equity. 73 C.J.S., *Public Administrative Bodies and Procedure*, § 41, p. 352; *Daurelle* v. *Traders Federal Savings & Loan Association of Parkersburg, supra.*

The rule that all administrative remedies must be exhausted before an action may be instituted in a court was enunciated by the Supreme Court of the United States in the case of *Texas & Pacific R. Co.* v. *Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S. Ct. 350, 51 L. Ed. 553, in which the primary jurisdictional doctrine was adopted. The doctrine simply provides that when the legislature provides for an administrative agency to regulate some particular field of endeavor, the courts are without jurisdiction to grant relief to any litigant complaining of any act done or omitted to have been done if such act or omitted act is within the rules and regulations of the administrative agency involved until such time as the complaining party has exhausted such remedies before the administrative body. *Adler* v. *Chicago & Southern Air Lines, Inc.*, 41 F. Supp. 366; *Sellers* v. *State Farm Mutual Automobile Insurance Co.*, 314 F. Supp. 78; *State* v. *Chippewa Cable Co.*, 48 Wis. 2d 341, 180 N.W.2d 714. The rule of exhausting administrative remedies before actions in courts are instituted is applicable, even though the administrative agency cannot award damages, if the matter is within the jurisdiction of the agency. In any event, damages can always be obtained in the courts after the administrative procedures have been followed, if warranted. 73 C.J.S., *Public Administrative Bodies and Procedure*, § 43, p. 359; *Thompson* v. *Texas Mexican R. Co.*, 328 U.S. 134, 66 S. Ct. 937, 90 L. Ed. 1132; *Adler* v. *Chicago & Southern Air Lines, Inc., supra.* See *State* v. *Chippewa Cable Co., supra.*

The rule requiring the exhaustion of administrative remedies does not apply where there is no administrative remedy provided by law and no such remedy exists. *Ramos* v. *County of Madera*, 4 Cal.3d 685, 484 P.2d 93; *Martino* v. *Concord Community Hospital*, 43 Cal. Rptr. 255, 233 Cal. App. 2d 51; *Oliver* v. *Iowa Power & Light Company*, (Iowa), 183 N.W.2d 687; *Daurelle* v. *Traders*

*Federal Savings & Loan Association of Parkersburg, supra.* This rule applies to class actions and other similar cases which are not governed under the Administrative Procedures Act. This rule is aptly stated in point 2 of the syllabus of the *Daurelle, supra,* case, wherein it is said: "The rule which requires the exhaustion of administrative remedies is inapplicable where no administrative remedy is provided by law."

Many of the cases cited in the appellant's brief dealing with unfair trade practices and other related cases are not applicable to the question involved in the instant case. It should also be pointed out that the case of *Bernhardt* v. *Polygraphic Co. of America, Inc.,* 350 U.S. 198, 76 S. Ct. 273, 100 L. Ed. 199, relied on and cited on page 12 of appellant's brief, although having no application to the question involved in the case presented here, is misquoted. Administrative *agency* is substituted for *arbitration panel, agencies* for *arbitrators* and *agency's finding* for *award.* Also, part of the language within the quotes is deleted with no indication of any deletion being shown therefor. In the case of *Hewitt-Robins* v. *Eastern Freight-Ways,* 371 U.S. 84, 83 S. Ct. 157, 9 L.Ed.2d 142, which is cited in the appellant's brief containing a quotation from the opinion which omitted the following statement in the paragraph quoted, which reads as follows: "The practice of the Commission in making such determination in the first instance, even though it has no power to award reparations in a given case, has long been exercised, *Bell Potato Chip Co.* v. *Aberdeen Truck Line,* 43 MCC 337, 343 (1944), and is supported by a long line of cases. * * *" The administrative procedure had been followed in that case and a cease and desist order had been entered by the ICC.

Article XI, Section 6 of the Constitution of West Virginia specifically gives the legislature the power to regulate banking institutions in this state. The right to engage or not to engage in branch banking by banking institutions in the State of West Virginia, as well as what constitutes branch banking, is within the authority of the legislature or the banking commissioner or board, with regard to the

promulgation of the rules and regulations and the interpretation thereof.

The legislature of West Virginia has prohibited branch banking in this state for all banks. Code 31A-8-12, as amended, and Code, 31A-3-2(a) (5) (B), as amended.

However, the question of what constitutes branch banking and the regulations in connection therewith is not before the Court at this time.

It is the contention of the appellant that Code, 29A-5-4 (a), as amended, dealing with reviews in the State Administrative Procedures Act which is made applicable to the administrative procedures under the banking law, Code, 31A-8-1, as amended, authorizes the use of injunction procedures in courts in the manner utilized by it in this proceeding. Code, 29A-5-4(a) as amended, reads as follows:

> "(a) Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law."

This section does not vitiate the rule which requires the exhaustion of administrative remedies before resorting to the courts. See 3 DAVIS, ADMINISTRATIVE LAW TREATISE, § 19.02; *Texas & Pacific R. Co.* v. *Abilene Cotton Oil Co.,* 204 U.S. 426, 27 S. Ct. 350, 51 L. Ed. 553.

Decisions of an administrative agency in administrative hearings conducted under the banking act and Administrative Procedures Act must contain findings of fact and conclusions of law. Code, 31A-8-2, as amended, and Code 29A-5-3, as amended. Relief by way of injunctions may be obtained under the provisions of the banking law in connection with the administrative procedure. Code, 31A-3-2(b) (4), as amended.

Ordinarily, injunctive relief will not be granted by courts prior to a decision of an administrative agency, and the extraordinary relief of injunction should not be

instituted in the courts until the appropriate administrative agency has been given the opportunity to pass on the issue. 73 C.J.S., *Public Administrative Bodies and Procedure*, § 45, p. 361. Then, too, as stated herein, the administrative agency in this case has the authority to issue injunctions in connection with the hearing before the administrative agency if they are deemed necessary.

It has been held that proceedings in equity for injunctions cannot be maintained where there is an administrative remedy provided by statute which is adequate and will furnish proper remedy. 2 AM. JUR. 2d, *Administrative Law*, § 599, p. 433; *Gates v. Woods*, 169 F.2d 440.

One of the errors assigned by the appellant is to the effect that the Circuit Court of Ohio County erred in sustaining a plea in abatement when the matter should have been raised by a motion to dismiss under Rule 12 (b) of the Rules of Civil Procedure.

It is true that under Rule 7 (c), R.C.P., pleas in abatement are abolished and should not be used under the Rules of Civil Procedure. However, where preliminary injunctions are sought, as was done in the case at bar, Rule 65 R.C.P. provides that the practice followed in this state pertaining to this question shall continue to be the same as it was prior to the adoption of the Rules of Civil Procedure. Therefore, it appears that a plea captioned "Plea in Abatement" would be the proper pleading to use in this proceeding before the trial court, and even if this was not the case it could be considered as a motion to dismiss under Rule 12 (b), R.C.P., and, therefore, there is no merit to this assignment of error.

For the reasons stated herein, the judgment of the Circuit Court of Ohio County dismissing the complaint is affirmed.

*Affirmed.*