STATE *ex rel.* PRESTON B. GOODEN

*v.*

ROBERT L. BONAR, *Superintendent of the Department of Public Safety of the State of West Virginia*

(No. 13103)

Submitted September 1, 1971.     Decided October 5, 1971.

*Maruka & Sansalone, Ross Maruka, Franklin D. Cleckley,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Thomas P. O'Brien, Jr.,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original mandamus proceeding, instituted in this Court June 28, 1971, the petitioner, Preston B. Gooden, seeks a writ to require the defendant, Robert L. Bonar, Superintendent of the Department of Public Safety of West Virginia, herein sometimes referred to as the Department of Public Safety or the department, to reinstate the petitioner to his position of a trooper in the Department of Public Safety and to order the payment of his salary and the restoration of other benefits to which he alleges he is entitled from the date of his dismissal by the defendant on April 24, 1971.

Upon the petition and its exhibits, this Court issued a rule returnable September 1, 1971. Upon the return day of the rule this proceeding was submitted for decision upon the petition and its exhibits, the answer of the defendant and its exhibits, and the written briefs and the oral arguments of the attorneys for the respective parties.

The material facts are not disputed and the question for determination is a question of law.

On and prior to April 24, 1971, the petitioner was a member in good standing of the Department of Public Safety with the rank of trooper and was assigned to the Morgantown, West Virginia detachment of Company A. On April 23, 1971, while off duty and in civilian clothes, the petitioner made a speech before a civic group in Morgantown in which he criticized the existence of political interference which he charged stifled the general activities within the department. On the following day, April 24, he was orally advised that he had been dismissed as a member of the department, and by Special Order 162 of that date, he was informed by the defendant that the petitioner had been discharged from the department for the

good of the service pursuant to Chapter 15, Article 2, Section 19, Code, 1931, as amended, and the general orders of the department.

No notice of charges, pending dismissal, or opportunity to be heard was given the petitioner before his dismissal.

On May 4, 1971, he filed with the Board of Commissioners, herein sometimes referred to as the board, his petition for appeal from the dismissal order of the defendant, as provided by Chapter 15, Article 2, Sections 20 and 21, Code, 1931.

Following requests by attorneys for the petitioner, the acting superintendent of the department, during the absence of the defendant due to illness, by letter of June 30, 1971, addressed to two members of the Board of Commissioners, filed these five charges against the petitioner: (1) Prior to April 24, 1971 he made certain unsubstantiated charges against the Department of Public Safety, its members and its officers; (2) By his conduct he has lessened public confidence and trust in the department and adversely affected the morale of its members; (3) He is guilty of insubordination; (4) He has repeatedly violated general order No. 14 of the department; and (5) For causes necessary for the good of the service. A hearing of the appeal of the petitioner was set for May 25 but the hearing was cancelled by the board. By letter of July 3, the attorneys for the petitioner requested that the five charges be made more specific which the department refused to do by letter of July 7, 1971 which asserted that the charges were sufficient. Due to the illness of the defendant, a hearing set for July 14 was continued at the instance of the acting superintendent. On August 20, 1971, according to the briefs of counsel, the board notified the parties that a hearing would be held on September 15, 1971.

In support of his petition for a writ of mandamus the petitioner, in substance, asserts (1) that the defendant is without authority to discharge the petitioner as a member of the Department of Public Safety and (2) that the

action of the defendant in discharging the petitioner without a prior hearing violates the due process of law provisions of the Fourteenth Amendment of the Constitution of the United States and of Article III, Section 10, of the Constitution of West Virginia, and is contrary to Section 19, Article 2, Chapter 15, Code, 1931, as amended.

On the contrary the defendant contends that the remedy provided by Sections 20 and 21, Article 2, Chapter 15, Code, 1931, fully satisfies the requirements of due process of law and that the writ sought by the petitioner should be denied.

Chapter 15, Article 2, Code, 1931, as amended, relates to the Department of Public Safety the members of which are commonly known as the State Police. Section 19 of the statute, to the extent here pertinent, provides that "The superintendent may suspend or remove from the service any member of the department of public safety for any of the following causes, to-wit: Refusing to obey the orders of his superior officer, neglect of duty, drunkenness, immorality, inefficiency, abuse of his authority, interference with the lawful right of any person, participation in political primaries, conventions or elections, or any other cause that may in the opinion of the superintendent be necessary for the good of the service."

Sections 20 and 21 of Article 2 of that chapter deal with the creation of a Board of Commissioners to hear originally and to review all cases of appeal from the findings of the superintendent on charges filed against any member of the department of public safety and all cases of the dismissal or suspension of any member of the department by the superintendent and specify the procedure to be followed in cases of dismissal or suspension of any member of the department.

Section 20 provides for the appointment by the Governor of two persons, residents of this State, as members of the Board of Commissioners. The section contains, among others, these provisions: "The two persons so appointed shall constitute the board of commissioners whose duty it

shall be to review all cases of appeal from the findings of the superintendent on charges filed against any such member of the department of public safety, and in all cases of dismissal or suspension of any member of the department of public safety by the superintendent as hereinbefore provided. * * *. When charges are filed against any member of the department of public safety before the board of commissioners, a copy of such charges shall be served upon the accused, who shall within a reasonable time, to be fixed by the board, be required to answer the same, and the board shall give notice in writing to the accused of the time and place when such charges will be heard and considered by it."

Section 21 provides that "In all cases before a trial shall be had the accused shall be served with a copy of the charges and given a reasonable opportunity to defend himself against such charges, and if on the hearing of such charges the members of the board shall be equally divided, then the accused shall be suspended until a further trial is had with a third member presiding as hereinafter provided for. If upon any trial two members of the board shall be of opinion that the accused is guilty of the charges preferred, then he shall be discharged from the service without further trial." The section further provides that if at any trial the board should be equally divided it shall fix a day for a final hearing at which time the Governor shall act as the third member of the board and preside at the hearing, that "if the board should again be equally divided in their finding, the governor shall cast the deciding vote on all hearings on charges preferred against any officer or member of the department of public safety," and that upon such hearing "It shall require the votes of at least two of the members of the board to suspend any member on charges preferred and the votes of three of the members of the board to dismiss the accused."

The foregoing provisions of Section 19 which have been in effect since 1919, expressly authorize the superintendent to suspend or remove from the service any member of

the Department of Public Safety for any of the causes specified in the statute which include any cause that may in the opinion of the superintendent be necessary for the good of the service. It is evident that in authorizing the superintendent summarily to suspend or remove any member of the department for any of the enumerated causes without notice or a prior hearing, the Legislature believed that such authority was necessary for the effective administration of the department and undertook to safeguard the rights of the suspended or removed member by providing a subsequent hearing after notice and an opportunity to be heard by the Board of Commissioners and requiring a vote of two members of the board at a hearing at which two members act, and a vote of three members at a hearing at which the Governor and the two members constitute and act as a three-member board to dismiss a member of the department from the service. Under the provisions of the applicable sections of the statute, when considered together, the summary suspension or removal of a member of the department by the superintendent is conditioned upon and subject to the action of the board in discharging or refusing to discharge the accused from service as a member of the department as provided in Section 21 of the statute if a hearing is held by the board.

Though the many cases in the various jurisdictions involving the dismissal or removal of a public officer or a public employee are conflicting upon the question of whether due process requires a preliminary notice and hearing before dismissal or removal, it is the opinion of this Court and it so holds that the hearing provided by Sections 20 and 21, Article 2, Chapter 15, Code, 1931, for a member of the department who has been summarily suspended or dismissed by the superintendent under the provisions of Section 19 satisfies the requirement of due process of law and that the removal by the superintendent is valid and is not violative of due process of law. *Nelson* v. *County of Los Angeles*, 362 U.S. 1, 80 S. Ct. 527, 4 L. Ed. 2d 494.

Though no appeal is provided by Sections 20 or 21 from the ruling of the Board of Commissioners, an appeal lies from the final order of the Board of Commissioners discharging or refusing to discharge a member of the Department of Public Safety from the service to either the Circuit Court of Kanawha County or the circuit court of the county in which the petitioner resides or does business and from the judgment of the circuit court to the Supreme Court of Appeals of this State as provided by Articles 5 and 6, Chapter 29A, Code, 1931, as amended.

A controversy involving the discharge of a member of the Department of Public Safety by its superintendent when heard originally or on appeal by the Board of Commissioners under Sections 20 and 21, Article 2, Chapter 15, Code, 1931, is a contested case within the meaning of Chapter 29A, Code, 1931, as amended, and does not include regulations relating solely to the internal management of the department such as was involved in *State ex rel. Burchett v. Taylor,* 150 W.Va. 702, 149 S.E.2d 234, in which this Court held that a member of the Department of Public Safety who, as a disciplinary measure, was by the superintendent of the department demoted from his rank of sergeant to the rank of trooper and transferred to a different part of the State, was not entitled to an appeal to the Circuit Court of Kanawha County. Accordingly that case does not apply to, or control, and is distinguishable from, the decision in this proceeding. But even if the petitioner had no right of appeal from the ruling of the Board of Commissioners, the remedy provided by Sections 20 and 21 satisfies the requirement of due process of law. The text in 16 AM. JUR. 2d, *Constitutional Law,* Section 584, contains this statement which is supported by decisions in numerous jurisdictions: "The right of appeal or review is not essential to due process, provided due process has already been accorded in the tribunal of first instance."

It is settled by the decisions of this Court that due process of law may be afforded administratively as well as judicially and that lawful administrative process is due

process equally with lawful judicial process. Point 2, syllabus, *State ex rel. Burchett* v. *Taylor*, 150 W.Va. 702, 149 S.E.2d 234; Point 3, syllabus, *Nulter* v. *State Road Commission of West Virginia*, 119 W.Va. 312, 193 S.E. 549, 194 S.E. 270.

In *Smith* v. *Siders*, 155 W.Va. 193, 183 S.E.2d 433, point 1 of the syllabus contains this quotation of point 2 of the syllabus in *State ex rel. Ellis* v. *Kelly*, 145 W.Va. 70, 112 S.E.2d 641: "Due process of law, within the meaning of the State and Federal constitutional provisions, extends to actions of administrative officers and tribunals, as well as to the judicial branches of the governments."

In *State* v. *Sponaugle*, 45 W.Va. 415, 32 S.E. 283, 43 L.R.A. 727, this Court held in point 3 of the syllabus that "Due process of law does not always require judicial hearing. It does in matters of purely judicial nature, but not in matters of taxation or matters purely administrative." In the opinion in that case this Court said "If there is anything settled by the United States Supreme Court, it is that the requirement of due process of law does not always require judicial procedure." The opinion also contains this quotation from *Davidson* v. *New Orleans*, 96 U.S. 97, 24 L. Ed. 616: "This court has heretofore decided that due process of law does not in all cases require a resort to a court of justice to assert the rights of the public against the individual, or to impose burdens on his property for the public use. *Murray* v. *Improvement Co.*, 18 How., 272, and *McMillan* v. *Anderson*, 95 U.S., 37."

Though a hearing has been set upon the appeal of the petitioner to the Board of Commissioners, a final determination of the appeal has not as yet been made by the board. In consequence the petitioner, who has there sought relief, has not exhausted the administrative remedy afforded him by the foregoing statute. The well established general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body and such remedy must be

exhausted before the courts will act. Point 1, syllabus, *Daurelle* v. *Traders Federal Savings and Loan Association of Parkersburg,* 143 W.Va. 674, 104 S.E.2d 320; *The Bank of Wheeling* v. *Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 183 S.E.2d 692; *State ex rel. Burchett* v. *Taylor,* 150 W. Va. 702, 149 S.E.2d 234; *Fahey* v. *Mallonee,* 332 U.S. 245, 67 S. Ct. 1552, 91 L. Ed. 2030; *Aircraft and Diesel Equipment Corp.* v. *Hirsch,* 331 U.S. 752, 67 S. Ct. 1493, 91 L. Ed. 1796; *First National Bank of Greeley* v. *Board of County Commissioners of the County of Weld,* 264 U.S. 450, 44 S. Ct. 385, 68 L. Ed. 784; *Red River Broadcasting Co., Inc.* v. *Federal Communications Commission,* 69 App. D.C. 1, 98 F.2d 282 (D.C. Cir.), *certiorari denied,* 305 U.S. 625, 59 S. Ct. 86, 83 L. Ed. 400; *Home Loan Bank Board* v. *Mallonee,* 196 F.2d 336 (9th Cir.); *People of State of California* v. *Coast Federal Savings and Loan Association,* 98 F. Supp. 311 (S.D. Cal.); *Woodard* v. *Broadway Federal Savings and Loan Association of Los Angeles,* 111 Cal. App. 2d 218, 244 P.2d 467; *Abelleira* v. *District Court of Appeal, Third District,* 17 Cal. 2d 280, 109 P.2d 942, 132 A.L.R. 715; 73 C.J.S., *Public Administrative Bodies and Procedure,* Section 41; 42 Am. Jur., *Public Administrative Law,* Section 197; 2 Am. Jur. 2d, *Administrative Law,* Section 595.

Mandamus is available only when all administrative remedies have been exhausted and when there is no other available adequate remedy. *Sleeth* v. *Dairy Products Company of Uniontown,* 228 F.2d 165 (4th Cir.), *certiorari denied,* 351 U.S. 966, 76 S. Ct. 1031, 100 L. Ed 1485; 1A M.J., *Administrative Law,* Section 23; *Goldsmith* v. *United States Board of Tax Appeals,* 270 U.S. 117, 46 S. Ct. 215, 70 L. Ed. 494. In the *Goldsmith* case in which the plaintiff sought a writ of mandamus in the Supreme Court of the District of Columbia to compel the United States Board of Tax Appeals to enroll him as an attorney with the right to practice before it, the Court held that a person desiring to practice before the Board of Tax Appeals is not entitled to a writ of mandamus to compel the Board to enroll him as an attorney until after he has sought and been denied a hearing before the Board as to his right to admission to

practice. In the opinion by Chief Justice Taft, the Court said that the petitioner was not entitled to relief in mandamus and that "Until he had sought a hearing from the board, and been denied it, he could not appeal to the courts for any remedy, and certainly not for mandamus to compel enrolment."

As the doctrine of exhaustion of administrative remedies requires that, where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act, the petitioner is not entitled to judicial relief in this proceeding. By invoking his administrative remedy which the petitioner has done, he may obtain a reversal of his discharge by the superintendent in which event the administrative remedy would be adequate and, upon its finality, he would be entitled to reinstatement with pay, which if refused, could be enforced in a proper judicial proceeding. If however, the discharge of the petitioner by the defendant should be finally upheld the reinstatement of the petitioner with pay, as prayed for in his petition in this proceeding, would result in difficult and unnecessary complications with respect to any recovery of such salary by the department and would be an additional reason for refusal of relief in a mandamus proceeding.

This Court has held in many cases that he who seeks relief by mandamus must show a clear legal right to the remedy. *State ex rel. Riddle* v. *Department of Highways,* 154 W.Va. 722, 179 S.E.2d 10; *State ex rel. Nelson* v. *Ritchie,* 154 W.Va. 644, 177 S.E.2d 791, and the many cases cited in the opinion in the *Nelson* case. The petitioner has not satisfied that requirement in this proceeding.

The writ of mandamus, as prayed for in the petition, is denied.

*Writ denied.*