332 S.E.2d 284

**Dr. Roy TRUBY, as State Superintendent of Schools, and The West Virginia Board of Education**

v.

**The Honorable W. Craig BROADWATER, Judge, etc., Chance Taylor, a Person Under the Age of 18 Years, etc., and The Ohio County Board of Education, a Corp.**

No. 16658.

Supreme Court of Appeals of West Virginia.

July 9, 1985.

J. Bradley Russell, Asst. Atty. Gen., Brentz Thompson, Sp. Asst. Atty. Gen., Charleston, for appellant.

McCamic & McCamic, Jeremy C. McCamic, Wheeling, for Bd. of Education.

James G. Bordas, Jr., Wheeling, for Chance Taylor.

McGRAW, Justice:

The petitioners, Dr. Roy Truby, State Superintendent of Schools, and the West Virginia State Board of Education, seek a writ of prohibition against the Circuit Court of Ohio County prohibiting enforcement of an injunction issued restraining implementation of the State Board's "C-average policy," which was upheld as constitutional by this Court in *Bailey v. Truby*, 174 W.Va. 8, 321 S.E.2d 302 (1984). Following a brief discussion of the circumstances that led to this action, we will address the propriety of the issuance of the injunction challenged.

Chance Taylor was a tenth grade student at Wheeling Park High School and a member of the school's wrestling team when, in the first week of February 1985, his grade point average fell below the 2.00 level required for participation in nonacademic extracurricular activities under the State Board's "C-average policy." Upon Taylor's subsequent petition, the Circuit Court of Ohio County, on February 11, 1985, issued an injunction prohibiting enforcement of the policy against Taylor and others similarly situated. Following the petitioners' motion for dismissal, the circuit court partially dissolved the injunction on March 14, 1985, as to "all other similarly situated individuals." The preliminary injunction was allowed, however, to remain in effect as to Taylor.

The standard of review in this proceeding is clear. In *West v. National Mines*, 168 W.Va. 578, 285 S.E.2d 670, 679 (1981), this Court held that:

> The power to grant or refuse a temporary or preliminary injunction ordinarily rests in the sound discretion of the trial court according to the facts and circumstances of the particular case, and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion. *Mahoney v. Walter,* [157 W.Va. 882], 205 S.E.2d 692 (1974); *Stuart v. Lake Washington Realty Corporation,* 141 W.Va. 627, 92 S.E.2d 891 (1956).

The circuit court's abuse of discretion in the instant proceeding is manifest due to its disregard for a well settled rule of equity. As noted in Syllabus Point 3 of *Severt v. Beckley Coals, Inc.,* 153 W.Va. 600, 170 S.E.2d 577 (1969), "Equity does not have jurisdiction of a case in which the plaintiff has a full, complete and adequate remedy at law, unless some peculiar feature of the case comes within the province of equity." *See also* Syl. pt. 3, *State ex rel. Battle v. Hereford,* 148 W.Va. 97, 133 S.E.2d 86 (1963); Syl. pt. 3, *Backus v. Abbot,* 136 W.Va. 891, 69 S.E.2d 48 (1952); Syl. pt. 1, *Moore v. Hamilton,* 93 W.Va. 529, 117 S.E. 229 (1923); Syl. pt. 1, *United Fuel Gas Co. v. West Virginia Paving & Pressed Brick Co.,* 74 W.Va. 484, 82 S.E. 329 (1914); Syl. pt. 3, *Shepherd v. Groff,* 34 W.Va. 123, 11 S.E. 997 (1890); Syl. pt. 2, *W.M. Ritter Lumber Co. v. Lowe,* 75 W.Va. 714, 84 S.E. 566 (1915); Syl., *Rollins v. Hess,* 27 W.Va. 570 (1886); Syl. pt. 1, *Miller v. Miller,* 25 W.Va. 495 (1885). This rule applies with equal force in the administrative law context. As this Court held in Syllabus Point 4 of *Bank of Wheeling v. Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 183 S.E.2d 692 (1971), "Proceedings in equity for injunctions cannot be maintained where there is an administrative remedy provided by statute which is adequate and will furnish a proper remedy." *See also* Syl. pt. 1, *Cowie v. Roberts,* 173 W.Va. 64, 312 S.E.2d 35 (1984); Syl. pt. 3, *State ex rel. Arnold v. Egnor,* 166 W.Va. 411, 275 S.E.2d 15 (1981); Syl. pt. 3, *McGrady v. Callaghan,* 161 W.Va. 180, 244 S.E.2d 793 (1978); Syl., *Capitol Business Equipment, Inc. v. Gates,* 155 W.Va. 260, 184 S.E.2d 125 (1971); Syl. pt. 3, *State ex rel. Gooden v. Bonar,* 155 W.Va. 202, 183 S.E.2d 697 (1971); Syl. pt. 1, *State ex rel. Burchett v. Taylor,* 150 W.Va. 702, 149 S.E.2d 234 (1966); Syl. pt. 1, *Daurelle v. Traders Federal Savings & Loan Association,* 143 W.Va. 674, 104 S.E.2d 320 (1958).

Testimony by a member of the Ohio County Board of Education at a rule to show cause hearing in the instant case established that procedures were available to challenge grades received. Those procedures, as with others established by local school boards, permit initial challenge at the county school board level with subsequent appeals before the state board of education and the Circuit Court of Kanawha County. With respect to a determination of ineligibility, this Court held in *Bailey v. Truby*, 174 W.Va. at 21, 321 S.E.2d at 315-16, "Because participation in interscholastic athletics or other nonacademic extracurricular activities does not rise to the level of a constitutionally protected 'property' or 'liberty' interest," there is no entitlement to any procedural due process protections. Therefore, a student who wishes to challenge a determination of ineligibility based upon failure to maintain a 2.00 grade point average may do so only by challeng-

ing either the grades upon which such average was calculated or the calculation itself. As noted, procedures were available to Taylor for purposes of mounting these attacks on the determination of his ineligibility. Therefore, the circuit court abused its discretion in awarding a preliminary injunction.

For the foregoing reasons, the petition for writ of prohibition is hereby granted with directions to the circuit court to dissolve completely the preliminary injunction issued.

Writ as moulded granted.