BAKER, JUDGE:
This claim came before the Court on January 18, 2002, upon respondent’s motion to dismiss for lack of subjectmatter jurisdiction under W.Va. Code § 14-2-14. The Court is of the opinion to grant respondent’s motion to dismiss for the reasons set forth below.
This claim arises out of a contract dispute between the parties. Claimant is a not-for-profit business which provides nursing home related services. Prior to December 31, 1995, claimant provided services to Medicare Part B recipients and received payment from Medicare Part B for such services. Subsequent to December 31, 1995, claimant claimed bad debt write-offs for unreimbursed co-insurance and deductibles that related to those Medicare Part B recipients. In 1996, claimant continued the same procedure that it had in the past, but was advised by Medicare on or about August 25, 1997, that the liability for the co-insurance and deductibles should be paid by respondent’s Medicaid Program instead of Medicare. In response to the change in the federal law, respondent created a system for providers such as claimant to obtain reimbursement. Respondent selected September 1996 and all subsequent service dates as the cut off date for payment of coinsurance and deductibles that were no longer being paid by Medicare Part B. Claimant submitted into evidence a memorandum from respondent that instructs providers that claims for services after September 1996 will be considered. Claimant asserts that it relied upon this memorandum to its detriment and did not file for unreimbursed services for the period beginning in January 1995 through September 1996. Thus, claimant’s bad debt write-offs were disallowed by Medicare for the year 1996. Claimant also had to pay back the 1995 bad debt write-offs to Medicare as a result.
It is claimant’s position that respondent acted in an arbitrary and capricious manner in selecting the September 1996 date as the cut off period for the payment of the coinsurance and deductibles not paid by Medicare Part B, and, in so doing, precluded claimant from filing its claims. Claimant asserts that as a result of the respondent’s actions it was unable to receive reimbursement or otherwise write off incurred expenses as bad debt. As a result, claimant incurred expenses in the amount of $121,038.72 in Medicare Part B coinsurance and deductibles for the period of January 1995 through September 1996. It is claimant’s position that the respondent’s actions effectively prevented it from access to an administrative review process, and, without an administrative review record, claimant will not be heard in the regular *116 courts of this State. Claimant argues that the claims were not filed in a timely matter through no fault of its own. As a result, claimant argues that it is now time barred from the administrative process and judicial review to which it is entitled in the regular courts of the State. Therefore, its only recourse for a remedy is in this Court. Finally, claimant argues that even if its claim were not time barred and could be heard in the regular courts of the State, it would not be granted a monetary award due to the respondent’s immunity under the 1 llh Amendmentof the U.S. Constitution[5]. For these reasons, claimant argues that this Court is the proper forum to hear its claim.
It is respondent’s position that this Court does not have jurisdiction over the instant claim based upon the provisions in W.Va. Code §14-2-14. Specifically, respondent asserts that this claim may be heard in the regular courts of the State; therefore, this Court does not have jurisdiction to hear the claim. Respondent further asserts that claimant has access to an administrative appeal under the Department of Health and Human Resources Medicaid Regulations, Chapter 700, Section 751, and it may pursue further recourse through judicial review in the regular courts of the State. According to respondent, claimant never availed itself of these remedies. Claimant has yet to file a claim or attempt to be heard by the administrative body and the respondent has not prevented claimant from doing so.
The issue in this claim is whether or not this Court has subject matter jurisdiction over the instant claim. W. Va. Code §14-2-14(5) states that the jurisdiction of this Court shall not extend to any claim: “5. With respect to which a proceeding may be maintained against the state, by or on behalf of claimant in the courts of the state.” In this claim, claimant has or had access to an administrative appeal under the Department of Health and Human Resources ’ Medicaid Regulations Chapter 700, §751 review process and respondent cannot deny claimant entry into this process. Claimant has or had access to relief under the Administrative Procedure Act provided for in W Va. Code §29A-5-4. Once claimant has exhausted all potential remedies under the Administrative Procedure Act, then it has access to the regular courts of this State where its claim may be decided on the merits. Bank of Wheeling v. Morris Plan Bank & Trust Co., 155 W. Va. 245, 183 S.E.2d 692 (1971). If at any time claimant has or had access to the regular courts of the State, this Court is without jurisdiction. As a statutorily created Court, the Court may not broaden its jurisdiction in order to decide the merits of a particular claim as to do so would be a violation of its statutory authority.
For the reasons mandated by W. Va. Code § 14-2-14(5), the Court lacks jurisdiction over the subject matter of this claim. Accordingly, the Court grants respondent’s motion to dismiss this claim.
Claim dismissed.

 This Court sees no applicability of the 11'h Amendment of the US Constitution to the facts in this claim.