499 S.E.2d 862

Diana **KINCELL,** Paula **Wiley,** Joe **Waitkus and Other Instructional Faculty in Marion County, Appellants,**

v.

**SUPERINTENDENT OF MARION COUNTY SCHOOLS and the Board of Education of Marion County, a Statutory Corporation, Appellees.**

No. 24130.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 14, 1997.

Decided Dec. 12, 1997.

James B. Zimarowski, Morgantown, for Appellants.

William McGinley, General Counsel, West Virginia Education Association, Charleston.

Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, for Appellees.

PER CURIAM: [1]

Appellants, the President and Vice–Presidents of the Marion County Education Association, appeal from the January 10, 1996, order of the Circuit Court of Marion County dismissing their action through which they initially sought injunctive relief and alternatively sought a writ of mandamus to compel the Appellee Marion County Board of Education (the "Board") to compensate its employees in connection with changes made to the 1994–95 school year calendar. Having fully examined this matter and finding no error, we affirm the decision of the lower court that it was without jurisdiction to en-

tertain this matter as Appellants had an adequate remedy at law.

On April 12, 1995, Appellants instituted a proceeding in the lower court seeking mandamus and injunctive relief to prevent the Board from using April 17, 1995, as an instructional day and alternatively, requesting compensation for working beyond their 200–day employment term. Following a hearing on April 13, 1995, the circuit court denied the extraordinary relief sought, but scheduled an evidentiary hearing to resolve the issue of Appellants' entitlement to additional compensation. The evidentiary hearing was held on July 24, 1995, and the circuit court issued its order dismissing the action with prejudice on January 10, 1996, ruling that:

1. Petitioners failed to establish that any teacher of other employee of the Respondent was required to report for work on June 9, 1995 other than those who had not completed their mandatory continuing education requirements.

2. There is no statute, regulation, or Supreme Court ruling that requires that a county board of education have a records or preparation day in its school calendar.

3. Petitioners have failed to establish that they do not have an adequate remedy at law, and, as such, a Court of equity is without jurisdiction to entertain this cause of action.

Appellants seek a reversal of the circuit court's ruling.

Numerous snow days during the winter of 1994–1995 required a change in the school calendar to meet the statutorily-required 178 days of instruction in each school year.[2] *See* W.Va.Code § 18–5–15 (1994). In complying with the statutory requirements regarding instructional days, the Marion County Superintendent found it necessary to change April

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per Curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely *obiter dicta.*... Other courts, such as many of the United States Circuit Court of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice,

but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.")

2. The school year is initially scheduled to allow for 180 days of instruction and 20 days of non-instruction. *See* W.Va.Code § 18–5–15 (1994).

17, 1995, from its original designation as a continuing education ("CE") day to an instructional day. Realizing that Marion County would now be in violation of its obligation to provide its teachers with three days of CE per year, it then altered the designation of June 9, 1995, from its original slating as a records/school closing day[3] to a CE day. Because the non-instructional day of June 9, 1995, was changed from records/closing to CE, Appellants argue that they are entitled to one additional day of compensation for the 1994–95 school year. While Appellants did not physically report to work for a day beyond their 200–day employment term, they contend that they were forced to complete the work associated with records/closing day on their own time and are accordingly entitled to compensation for having lost the records/closing day originally scheduled for June 9, 1995.

We find it unnecessary to reach the merits of this case as Appellants clearly failed to exhaust their administrative remedies and accordingly, the circuit court correctly ruled that it was without jurisdiction to entertain further proceedings in this matter. As we recognized in syllabus point one of *Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984): " 'The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.' Syl. Pt. 1, *Daurelle v. Traders Federal Savings & Loan Association*, 143 W.Va. 674, 104 S.E.2d 320 (1958)." Appellants had at their disposal the grievance procedures set forth in West Virginia Code §§ 18–29–1 to – 11 (1994 & Supp.1997), which provide an administrative forum for claims by employees of county boards of education alleging:

a violation, a misapplication or a misinterpretation of the statutes, policies, rules, regulations or written agreements under which such employees work, including any violation, misapplication or misinterpreta-

tion regarding compensation, hours, terms and conditions of employment, employment status or discrimination; any discriminatory or otherwise aggrieved application of unwritten policies or practices of the board; any specifically identified incident of harassment or favoritism; or any action, policy or practice constituting a substantial detriment to or interference with effective classroom instruction, job performance or the health and safety of students or employees.

W.Va.Code § 18–29–2(a). Following the conclusion of the administrative grievance process, the grievant is then permitted to appeal to the circuit court. *See* W.Va.Code § 18–29–7.

While we have recognized in syllabus point two of *Beine v. Board of Education*, 181 W.Va. 669, 383 S.E.2d 851 (1989), that " '[t]he doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility[,]' Syl. Pt. 1, *State ex rel. Bd. of Educ. v. Casey*, [176] W.Va. [733], 349 S.E.2d 436, 437 (1986)," we do not find that exception to be applicable under the facts of this case. Here, the administrative procedures available to Appellants are capable of fully resolving what amounts to nothing more than a compensation dispute. As we stated in *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985), "[i]njunctive relief, is inappropriate when there is an adequate remedy at law." *Id.* at 440, 333 S.E.2d at 805.

Having determined that the circuit court correctly ruled that it was without jurisdiction[4] to resolve the dispute at issue, we affirm the lower court's decision.

Affirmed.

---

3. There is no statutory provision affording teachers a day expressly designated for the purpose of records/school closing. Apparently, some counties provide for such a day as a courtesy.

4. The parties have not cited any statutory basis to support their request for extraordinary relief. West Virginia Code § 18A–4–7a (1993), which deals with hiring decisions, promotion, transfer,

and seniority, clearly authorizes a proceeding in mandamus against any board of education that fails to comply with the provisions of that section. Mandamus thereunder, however, is clearly limited on its face to that statutory section.