736 S.E.2d 9

**Ronald J. HICKS; Robert J. Claus, Jr.; Benson B. Flanagan; and Terry Nichols, Petitioners Below, Petitioners**

v.

**Erica M. MANI, West Virginia Consolidated Public Retirement Board; Colonel Timothy S. Pack, West Virginia State Police; and State of West Virginia, Respondents Below, Respondents.**

No. 11–0748.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2012.

Decided Oct. 19, 2012.

---

Marvin W. Masters, Kelly Elswick–Hall, The Masters Law Firm, Charleston, WV, for Petitioners.

J. Jeaneen Legato, Charleston, WV, for Respondent Board.

John A. Hoyer, WV State Police, S. Charleston, WV, for Respondent.

DAVIS, Justice:

Ronald J. Hicks; Robert J. Claus, Jr.; Benson B. Flanagan; and Terry Nichols, petitioners/petitioners below (hereinafter "the Petitioners"), appeal from an order of the Circuit Court of Kanawha County dismissing their declaratory judgment petition. The Petitioners asked the lower court to declare that the West Virginia Consolidated Public Retirement Board, respondent/respondent below (hereinafter "the Board"), could not impose disability re-certification requirements of an amended statute and new rule upon them. The circuit court determined that the Petitioners failed to exhaust their administrative remedies and, therefore, dismissed the case. In this appeal, the Petitioners contend that the circuit court erred in not reaching the merits of their petition because the doctrine of exhaustion of administrative remedies was inapplicable to the facts of their case. After a careful review of the briefs, limited record and listening to the arguments of the parties, we find that the Petitioners' rule-based claim was properly before the circuit court; therefore, we reverse, in part; affirm, in part; and remand for further disposition.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The four Petitioners in this case are former West Virginia State Troopers. The Petitioners are receiving disability retirement benefits from the West Virginia Police Death, Disability and Retirement Fund.

Three of the Petitioners received awards for permanent and total disability because of work-related injuries. The fourth Petitioner, Terry Nichols, received an award of permanent partial disability for a work-related injury.

In 2010, the Board sent each of the Petitioners a letter informing them that they had to undergo a medical examination to determine whether their disabilities had improved. The letter further informed the Petitioners that they had to submit their medical records to a physician chosen by the Board to perform the examinations. It also was indicated in the letter that, if the medical examination revealed that a Petitioner had recovered from his disability sufficient to perform the duties of a trooper, his disability retirement benefits would be terminated. The letter was based upon requirements set out under the 2007 amended version of W. Va.Code § 15–2–31 (2007) (Repl.Vol.2009) [1] and a new regulation, W. Va.C.S.R. § 162–9–13 (2012). [2]

Shortly after receiving the Board's letter, the Petitioners jointly filed the instant declaratory judgment action on August 23, 2010. [3] The Petitioners alleged the following in their petition: (1) the statute and rule being applied were not in place when the Petitioners were hired and retired as state troopers; (2) the laws being applied would strip the Petitioners of disability income without a hearing or appeal rights; and (3) the Board's conduct is without good cause and, therefore, a violation of the state and federal constitutions. [4]

The Board filed a motion to dismiss the petition. [5] One of the grounds for dismissal was that the Petitioners failed to exhaust their administrative remedies. [6] The trial court held a hearing on the motion. On March 30, 2011, the lower court entered an order granting the Board's motion to dismiss on the grounds that the Petitioners failed to exhaust their administrative remedies. [7] This appeal followed.

## II.

### STANDARD OF REVIEW

■ This matter has been brought to the Court based upon the trial court's order granting the Board's motion to dismiss. In general, this Court will apply a *de novo* standard of review to a circuit court's order granting a motion to dismiss. *See* Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). This same standard applies to our review of statutes and rules relevant to this case. As we held in Syllabus point 1 of *Appalachian Power Co. v. State Tax Depart-*

1. The Petitioners' brief states that W. Va.Code § 15–2–31 was amended in 2009. However, the statute was not amended in 2009. The amendment that was in place when the Petitioners began this litigation was made in 2007. *See* W. Va.Code § 15–2–31 (2007) (Repl.Vol.2009).

2. The text of the rule and all relevant versions of the statute are set out in Section III, *infra*.

3. In addition to the Board, the declaratory judgment petition also named as defendants the Director of the Board, the West Virginia State Police, the Superintendent of the State Police, and the State of West Virginia. In matters before this Court, the Board filed a response brief that was joined in and adopted by the State Police and its Superintendent. For ease of discussion, unless the context indicates otherwise, the term "the Board" will be used to refer collectively to all of the Respondents.

4. The petition also set out allegations pertaining to a request for class action certification. The trial court never reached this issue, so that matter is not before this Court.

5. The State Police and its Superintendent joined in and adopted the Board's motion to dismiss.

6. The Board also moved to dismiss on the grounds that the Petitioners did not provide the pre-filing thirty day notice required by W. Va. Code § 55–17–3 (2008) (Repl.Vol.2008), and failed to serve the State Attorney General as required by W. Va.Code § 55–13–11 (1941) (Repl.Vol.2008). Insofar as the trial court did not address the latter two grounds as a basis for dismissing the petition, we will not address those issues.

7. While the case was before the circuit court, the Petitioners received disability re-certification examinations, but none of them had their benefits reduced or terminated. The Board suggests that the case is moot because the Petitioners did not have their benefits reduced or terminated. The Petitioners correctly point out that the matter is not moot because they are subject to recurring disability re-certification examinations.

*ment of West Virginia,* 195 W.Va. 573, 466 S.E.2d 424 (1995), "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."

## III.

## DISCUSSION

The Petitioners asked the circuit court to declare that the Board's implementation of a statute and rule, which required them to submit to disability re-certification examinations, could not be enforced against them. In dismissing the petition, the circuit court held that it could not reach the merits of the issues because the Petitioners first had to present the issues to the Board in an administrative proceeding. Here, the Petitioners argue that it would have been futile to present the issues to the Board. Therefore, they contend that they did not have to exhaust their administrative remedies.[8]

The procedural issues presented by the Petitioners may be divided into two categories: statute-based and rule-based. The statute-based procedural arguments are controlled by W. Va.Code § 29A–4–1 (1964) (Repl.Vol.2012). The rule-based procedural arguments are governed by W. Va.Code § 29A–4–2 (1982) (Repl.Vol.2012).[9] However, before separately addressing the two statutes, we must first set out legal principles concerning the exhaustion of administrative remedies doctrine.

### A. Exhaustion of Administrative Remedies

■ The circuit court found that the issues raised by the Petitioners had to be presented to the Board in an administrative proceeding

> under the exhaustion of administrative remedies doctrine, where a claim is cognizable in the first instance by an administrative agency alone, judicial interference

is withheld until the administrative process has run its course. This doctrine applies when *exclusive* jurisdiction exists in the administrative agency and the courts have only appellate, as opposed to original, jurisdiction to review the agency's decision.

Franklin D. Cleckley et al., *Litigation Handbook on the West Virginia Rules of Civil Procedure,* § 12(b)(1), at 339–40 (4th ed.2012) (emphasis added; footnotes omitted). This Court has long held that "[t]he general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." Syl. pt. 1, *Daurelle v. Traders Fed. Sav. & Loan Ass'n,* 143 W.Va. 674, 104 S.E.2d 320 (1958). It was specifically held by this Court in Syllabus point 4 of *Bank of Wheeling v. Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 183 S.E.2d 692 (1971), that "[p]roceedings in equity for injunctions cannot be maintained where there is an administrative remedy provided by statute which is adequate and will furnish proper remedy."

■ The exhaustion of administrative remedies doctrine is not ironclad; exceptions to the rule exist. "The factors courts have cited to excuse failure to exhaust are: (1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala,* 95 F.3d 147, 150 (2d Cir.1996). *See also* Syl. pt. 6, *Wiggins v. Eastern Assoc. Coal Corp.,* 178 W.Va. 63, 357 S.E.2d 745 (1987) ("This Court will not require the exhaustion of administrative remedies where such remedies are duplicative or the effort to obtain them futile."). We also have recognized that "[t]he rule which requires the exhaustion of administrative remedies is inapplicable where no admin-

---

**8.** The Petitioners, as will be shown, also erroneously asserted that the Board did not have authority to render a declaratory judgment ruling on the issues.

**9.** The Petitioners argue that this Court should address the merits of the issues presented to the circuit court. However, the circuit court

> having dismissed the [petition] on jurisdictional grounds because the [Petitioners] had not

exhausted [their] administrative remedies and having not passed on the merits or any questions dealing with substantive law, this Court will direct its attention only to the question as to whether or not the circuit court should take jurisdiction to hear the case on its merits.

*Bank of Wheeling v. Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 247, 183 S.E.2d 692, 694 (1971) (citations omitted).

istrative remedy is provided by law." Syl. pt. 2, *Daurelle v. Traders Fed. Sav. & Loan Ass'n,* 143 W.Va. 674, 104 S.E.2d 320.

In this proceeding, the trial court applied the doctrine of exhaustion of administrative remedies without making any distinction between the Petitioners' statute-based claims and rule-based claims.[10] The correct resolution of both types of claims required that they be analyzed separately under the applicable law.

### B. The Petitioners' Statute–Based Claims are Controlled by W. Va.Code § 29A–4–1

The Board notified the Petitioners that they had to undergo disability re-certification examinations. Part of the authority for the Board's request was contained in the amended 2007 version of W. Va.Code § 15–2–31 (2007) (Repl.Vol.2009).[11] The Petitioners argued that the 2007 version of W. Va.Code § 15–2–31 omitted language that was in the versions of the statute that were in effect when they were hired and retired as State Troopers. The 1977 version of the statute was in place when the Petitioners were hired,[12] and the 1994 version was in place when they retired.[13] The language in the 1977 and 1994 versions of the statute, which was omitted from the 2007 version, stated, in essence, that, if a law enforcement officer recovered from a disability to the extent that

**10.** In fairness to the trial court, none of the parties informed the court that the claims were governed by different statutes.

**11.** The 2007 version of the statute read as follows:

The board may require any retirant who has been retired with compensation on account of disability to submit to a physical and/or mental examination by a physician or physicians selected or approved by the board and cause all costs incident to the examination including hospital, laboratory, X-ray, medical and physicians' fees to be paid out of funds appropriated to defray the current expense of the agency and a report of the findings of the physician or physicians shall be submitted in writing to the board for its consideration. *If, from the report or from the report and hearing on the report, the board is of the opinion and finds that the disabled retirant has recovered from the disability to the extent that he or she is able to perform adequately the duties of a law-enforcement officer, the board shall order that all payments from the fund to that disabled retirant be terminated.* If, from the report or the report and hearing on the report, the board is of the opinion and finds that the disabled retirant has recovered from his or her previously determined probable permanent disability to the extent that he or she is able to engage in gainful employment but remains unable to adequately perform the duties of a law enforcement officer, the board shall order the payment, in monthly installments of an amount equal to two thirds of the salary, in the case of a retirant retired under the provisions of section twenty-nine [§ 15–2–29] of this article or equal to one half of the salary, in the case of a retirant retired under the provisions of section thirty [§ 15–2–30] of this article, excluding any compensation paid for overtime service, for the twelve-month employment period immediately preceding the disability award: Provided, That if the retirant had not been employed with the Fund for twelve months immediately prior to the dis-

ability award, the amount of monthly salary shall be annualized for the purpose of determining the benefit.
W.Va.Code § 15–2–31 (2007) (Repl.Vol.2009) (emphasis added).

**12.** In 1977, the statute read as follows:

The superintendent may require any member who has been or who shall be retired with compensation on account of disability to submit to a physical and/or mental examination by a physician or physicians selected or approved by the retirement board and cause all costs incident to such examination including hospital, laboratory, X-ray, medical and physicians' fees to be paid out of funds appropriated to defray the current expense of said department, and a report of the findings of such physician or physicians shall be submitted in writing to the retirement board for its consideration. *If from such report or from such report and hearing thereon the retirement board shall be of opinion and find that such disabled member shall have recovered from such disability to the extent that he is able to perform adequately the duties of a member of said department, the superintendent shall order such member to reassume active duty as a member of said department and thereupon all payments from the death, disability and retirement fund shall be terminated.*
W.Va.Code § 15–2–31 (1977) (emphasis added).

**13.** The statute, in 1994, read as follows:

The consolidated public retirement board may require any member who has been or who shall be retired with compensation on account of disability to submit to a physical and/or mental examination by a physician or physicians selected or approved by the board and cause all costs incident to such examination including hospital, laboratory, X-ray, medical and physicians' fees to be paid out of funds appropriated to defray the current expense of

he or she was able to perform adequately the duties of a law enforcement officer, he or she would be ordered to reassume active duty as a member of the State Police.

The Petitioners sought to have the trial court declare, on constitutional grounds, that the 2007 version of W. Va.Code § 15-2-31 could not be applied to them. They asserted that the 2007 version took away a vested right they had to the possibility of being reinstated to the State Police. The Petitioners also contended that the 2007 version of the statute infringed on their rights by immediately terminating their benefits.[14]

the division, and a report of the findings of such physician or physicians shall be submitted in writing to the consolidated public retirement board for its consideration. *If from such report or from such report and hearing thereon the retirement board shall be of opinion and find that such disabled member shall have recovered from such disability to the extent that he or she is able to perform adequately the duties of a member of the division, the board shall order such member to reassume active duty as a member of the division and thereupon all payments from the death, disability and retirement fund shall be terminated.* If from the report or the report and hearing thereon, the board shall be of the opinion and find that the disabled member shall have recovered from the disability to the extent that he or she is able to engage in any gainful employment but unable to adequately perform the duties required as a member of the division, the board shall order the payment, in monthly installments of an amount equal to two thirds of the salary, in the case of a member retired under the provisions of section twenty-nine [§ 15-2-29] of this article, or equal to one half of the salary, in the case of a member retired under the provisions of section thirty [§ 15-2-30] of this article, excluding any compensation paid for overtime service, for the twelve-month employment period preceding the disability: Provided, That if the member had not been employed with the division for twelve months prior to the disability, the amount of monthly salary shall be annualized for the purpose of determining the benefit.

W.Va.Code § 15-2-31 (1994) (Repl.Vol.2004) (emphasis added).

**14.** The 1977 and 1994 versions of the statute terminated benefits after a law enforcement officer was ordered to be reinstated to duty.

**15.** The Petitioners also contended that they would be irreparably injured due to the immediate loss of benefits while their cases were pending in litigation.

In its motion to dismiss the petition, the Board argued that the Petitioners' claims were not properly before the circuit court because the claims first had to be presented in an administrative proceeding. The Petitioners argued below, as they do in this appeal, that the Board did not have authority to rule on their constitutional attack of the statute, and, therefore, it would be futile to litigate the issues there.[15] We believe the circuit court was correct in declining to address the Petitioners' challenge to the application of the 2007 version of W. Va.Code § 15-2-31.[16]

**16.** In 2011, the Legislature again amended W. Va.Code § 15-2-31. The Petitioners have attempted to attack language in the 2011 version of the statute, but, as previously indicated in footnote 9, we will not address the merits of the Petitioners' contentions. The 2011 version of the statute restored language that allowed for reinstatement to the State Police. The 2011 version of the statute also added substantive changes. The 2011 version of W.Va.Code § 15-2-31 reads as follows:

(a) The board may require any retirant who has been retired with compensation on account of disability to submit to a physical and/or mental examination by a physician or physicians selected or approved by the board and a report of the findings of the physician or physicians shall be submitted in writing to the board for its consideration. All medical costs associated with the examination shall be paid by the fund. *If, from the report or from the report and hearing on the report, the board is of the opinion and finds that the disabled retirant has recovered from the disability to the extent that he or she is able to perform adequately the duties of a law-enforcement officer, the board shall within five working days provide written notice of the finding to the Superintendent of State Police, who shall reinstate the retirant to active duty as a member of the department at his or her rank or classification prior to the disability retirement within forty-five days of the finding, unless the retirant declines to be reinstated, is found by a background check to be ineligible for reinstatement, or is found by the Superintendent to be unacceptable due to the retirant's performance history and evaluations during prior work with the department. The Superintendent shall promptly notify the Board when the retirant is reinstated, is found ineligible for reinstatement due to a background check or unacceptable prior performance history or evaluations, or refuses reinstatement. The board shall order disability payments from the fund to be terminated at the earlier of the date of the retirant's reinstatement, regular retirement, failure of a background check, finding of unac-*

The resolution of the statute-based component of the Petitioners' claims is controlled by W. Va.Code § 29A-4-1 (1964) (Rep.Vol. 2012) of the West Virginia Administrative Procedures Act.[17] The full text of the statute is as follows:

On petition of any interested person, *an agency may issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute* enforceable by it. A declaratory ruling, if issued after argument and stated to be binding, is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court, but it shall not be binding on any other person. Such ruling is subject to review before the court and in the manner hereinafter provided for the review of orders or decisions in contested cases. Each agency may prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition.

(Emphasis added).

▆▆▆ In the context of the facts of this case, we do not find any ambiguity in the above statute. *See* Syl. pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)

("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."). This statute empowers an administrative agency, if requested, to make declaratory rulings on statutes and rules that the agency implements. The statute also grants judicial review of the agency's declaratory rulings. In view of the clear requirements of the statute, we hold that, under W. Va.Code § 29A-4-1 (1964) (Repl. Vol.2012) of the West Virginia Administrative Procedures Act, an agency has authority, upon petition by an interested person, to issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it.[18]

This Court has held that "[t]he West Virginia Consolidated Public Retirement Board is subject to and governed by the West Virginia Administrative Procedures Act set forth in West Virginia Code §§ 29A-1-1 to -7-4 (1993)." Syl. pt. 1, *State ex rel. Young v. Sims*, 192 W.Va. 3, 449 S.E.2d 64 (1994). Thus, in view of our holding, it is clear that the Board had authority under W. Va.Code § 29A-4-1 to address the substantive issues raised by the Petitioners with respect to the

---

ceptable prior performance history or evaluation with the department, failure to accept reinstatement or forty-five days from the board's finding. If, from the report or the report and hearing on the report, the board is of the opinion and finds that the disabled retirant has recovered from his or her previously determined probable permanent disability to the extent that he or she is able to engage in gainful employment but remains unable to adequately perform the duties of a law-enforcement officer, the board shall order the payment, in monthly installments of an amount equal to two thirds of the salary, in the case of a retirant retired under the provisions of section twenty-nine [§ 15-2-29] of this article or equal to one half of the salary, in the case of a retirant retired under the provisions of section thirty [§ 15-2-30] of this article, excluding any compensation paid for overtime service, for the twelve-month employment period immediately preceding the disability award: Provided, That if the retirant had not been employed with the fund for twelve months immediately prior to the disability award, the amount of monthly salary shall be annualized for the purpose of determining the benefit.

(b) A disability retirant who is returned to active duty as a member of the West Virginia

State Police shall again become a member of the retirement system in which he or she was originally enrolled and the retirant's credited service in force at the time of retirement shall be restored.
W.Va.Code § 15-2-31 (2011) (Supp.2012) (emphasis added).

17. We will point out that neither the circuit court nor the parties referred to this statute.

18. We recognize that, under the Uniform Declaratory Judgments Act, W. Va.Code § 55-13-2 (1941) (Repl.Vol.2008), a circuit court is granted authority to hear declaratory judgment actions involving the application of statutes and other legal issues. However, W.Va.Code § 55-13-2 is a general statute; whereas W. Va.Code § 29A-4-1 is a specific statute addressing the same issue. "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter[.]" Syl. pt. 1, in part, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984). This is to say that, "[a]s a rule, when both a specific and a general statute apply to a given case, the specific statute governs." *In re Chevie V.*, 226 W.Va. 363, 371, 700 S.E.2d 815, 823 (2010).

application of the 2007 version of W. Va.Code § 15–2–31. Insofar as the Board has authority to issue a declaratory ruling regarding the application of the 2007 version of W. Va.Code § 15–2–31 to the Petitioners, the circuit court was correct in dismissing the statute-based claims for failure to exhaust administrative remedies.

### C. The Petitioners' Rule–Based Claims are Controlled by W. Va.Code § 29A–4–2

In addition to challenging the application of the 2007 version of W. Va.Code § 15–2–31, the Petitioners also challenged the application of the Board's 2008 disability re-certification rule. The disability re-certification rule, C.S.R. § 162–9–13 (2012), provides in pertinent part:

> At least once each year during the first five years following the retirement of a member on account of disability, as provided in this rule, and at least once in each three-year period thereafter, the Board may require a disability retirant, who has not attained age sixty years, to undergo a medical examination to be made by or under the direction of a physician designated by the Board.

The Petitioners argued to the circuit court that the disability re-certification requirements under W. Va.C.S.R. § 162–9–13 represent adverse substantive changes that were not required previously by any law. The circuit court found that this issue also was required to be presented to the Board before being litigated in court. We disagree.

West Virginia Code § 29A–4–1 allows a person to file a declaratory judgment proceeding with an agency to challenge a statute or rule. However, W. Va.Code § 29A–4–2 (1982) (Repl.Vol.2012) [19] provides an exception to the administrative remedy under W. Va.Code § 29A–4–1. The following pertinent language is found in W. Va.Code § 29A–4–2(a):

> Any person ... may *have the validity of any rule determined by instituting an action for a declaratory judgment in the circuit court of Kanawha County,* West Virginia, when it appears that the rule, or

its threatened application, interferes with or impairs or threatens to interfere with or impair, the legal rights or privileges of the plaintiff or plaintiffs.... *The declaratory judgment may be rendered whether or not the plaintiff or plaintiffs has or have first requested the agency to pass upon the validity of the rule in question.*

(Emphasis added).

The above statute, for purposes of this case, is without ambiguity. *See* Syl. pt. 5, *State v. General Daniel Morgan Post No. 548 Veterans Foreign Wars,* 144 W.Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). This Court observed in passing in *Appalachian Power Co. v. State Tax Department of West Virginia,* 195 W.Va. at 588 n. 18, 466 S.E.2d at 439 n. 18, that "W. Va.Code, 29A–4–2 expressly provides that an interested party may seek judicial review of any rule[.]" *See Wheeling Barber Coll. v. Roush,* 174 W.Va. 43, 45, 321 S.E.2d 694, 696 (1984) ("Judicial review of a new agency rule is provided for in *W. Va.Code* 29A–4–2 [1982].").

This Court is of the opinion that W. Va. Code § 29A–4–1 and W. Va.Code § 29A–4–2 must be read in *para materia.* Under W. Va.Code § 29A–4–1, the Legislature has empowered citizens to go directly to an agency to challenge the application of an agency rule or statute. However, the Legislature has deemed it appropriate for citizens to have the discretion to bypass an agency and go directly to the circuit court to challenge the application of an agency rule. It is obvious to this Court that the Legislature believed that, in some instances, it may be futile to ask an agency to invalidate or find fault with a rule created by the agency. For this reason, the Legislature has given citizens the discretion to challenge an agency rule in circuit court in the first instance. To be clear, the statutes provide that a person may seek declaratory relief from an administrative agency regarding both a statute and a rule; however, the

---

**19.** Neither the circuit court nor the parties referenced this statute.

person also may bypass the agency and seek declaratory relief involving an agency rule directly from the circuit court.

Based upon the plain language of W. Va. Code § 29A–4–2(a), we now hold that, under W. Va.Code § 29A–4–2(a) (1982) (Repl.Vol. 2012) of the West Virginia Administrative Procedures Act, a person may file a declaratory judgment action in the Circuit Court of Kanawha County to challenge application of an agency rule, without first administratively litigating the issue before the agency.

As a consequence of our holding, we find that the circuit court had jurisdiction to address the merits of the Petitioners' challenge to the application of W. Va.C.S.R. § 162–9–13. This issue must therefore be reversed and remanded for the circuit court to consider the merits of the Petitioners' rule-based arguments.

Finally, the Petitioners also sought to litigate a requirement in the letter they each received notifying them of the disability re-certification requirement. Specifically, the letter required the Petitioners to obtain their medical records and send them to the physician performing the examinations. The Petitioners argued that the requirement that they pay for obtaining their medical records was inconsistent with all versions of W. Va. Code § 15–2–31, which required the Board to pay all costs involved with disability re-certification. Insofar as this letter-based issue involves the Board's interpretation of W. Va. Code § 15–2–31, it is also a matter that the circuit court has authority to address on remand pursuant to W. Va.Code § 29A–4–2(a).[20]

## IV.

### CONCLUSION

In view of the foregoing, we affirm the trial court's dismissal of the Petitioners' statute-based claims, but reverse the dismissal of the rule-based and letter-based claims. Moreover, we remand this case for further disposition consistent with this opinion.

20. It will be noted that during oral argument counsel for the Board indicated that the Petitioners could file a claim for reimbursement for the cost of the medical records. The record in this

Affirmed, in Part; Reversed, in Part; and Remanded.

case does not show, nor have we been able to find, any rule, statute or other document that informed the Petitioners of this purported right of reimbursement.