# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Spring 2026 Term

_____

No. 25-ICA-298

_____

**FILED**

**June 9, 2026**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

CLEAN & CLEAR ADVANTAGE, LLC,
Plaintiff Below, Petitioner

v.

WEST VIRGINIA DEPARTMENT OF HEALTH,
OFFICE OF HEALTH FACILITY
LICENSURE AND CERTIFICATION,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Kanawha County
Honorable Richard D. Lindsay, Judge
Civil Action No. CC-20-2025-C-457

AFFIRMED

_____

Submitted: April 29, 2026
Filed: June 9, 2026

Sean W. Cook, Esq.
South Charleston, West Virginia
Counsel for Petitioner

Roberta F. Green, Esq.
Tyler L. Rittenhouse, Esq.
Shuman McCuskey Slicer PLLC
Charleston, West Virginia
Counsel for Respondent

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

GREEAR, Chief Judge:

Petitioner Clean & Clear Advantage, LLC ("Clean & Clear"), appeals the June 18, 2025, order of the Circuit Court of Kanawha County granting a motion to dismiss filed by respondent, the West Virginia Department of Health, Office of Health Facility Licensure and Certification ("OHFLAC"). In the June 18, 2025, order, the circuit court dismissed the action for lack of subject matter jurisdiction based on Clean & Clear's failure to exhaust its administrative remedies. The issue on appeal is whether Clean & Clear was required to appeal OHFLAC's denial of its licensure amendment to the Intermediate Court of Appeals of West Virginia ("ICA") to exhaust its administrative remedies.

Upon review of the record, applicable law, and the oral and written arguments of counsel, we find no error with the circuit court's conclusion that Clean & Clear was required to appeal OHFLAC's denial of its licensure amendment to this Court in order to exhaust its administrative remedies. Although Clean & Clear filed a notice of appeal with this Court, it abandoned its appeal before a final decision on the merits was reached. By not allowing the appeal process to run its course through completion, Clean & Clear failed to exhaust its administrative remedies. We further find that the futility exception to administrative exhaustion does not apply under the specific facts of this case. Accordingly, for these reasons explained in more detail below, we affirm the circuit court's order granting OHFLAC's motion to dismiss for lack of subject matter jurisdiction.

1

## I. FACTUAL AND PROCEDURAL HISTORY

Clean & Clear operates a drug and alcohol rehabilitation center in Parkersburg, West Virginia. OHFLAC is the state agency charged with enforcing the provisions of licensure for behavioral health centers.[1] *See* W. Va. Code § 27-9-1; *see also* W. Va. Code R. § 64-11-2.4 (2021).[2] In August 2020, Clean & Clear obtained an initial license from OHFLAC to operate a facility with 59 substance abuse treatment beds, which was later amended to permit an additional 55 substance abuse treatment beds.[3] In February 2022, OHFLAC authorized Clean & Clear to engage in a construction project to expand the capacity of its Parkersburg facility to accommodate up to 300 beds.[4]

---

[1] OHFLAC was formerly a division of the West Virginia Department of Health and Human Resources ("DHHR"). On January 1, 2024, DHHR was terminated and restructured into three separate agencies: the Department of Health, the Department of Human Services, and the Department of Health Facilities. *See* W. Va. Code § 5F-2-1a. Pursuant to this restructuring, OHFLAC was transferred to and incorporated in the Office of the Inspector General, a division within the Department of Health. *See id.* § 5F-2-1a(c)(2).

[2] During the 2025 legislative session, the applicable regulations governing the licensure of behavioral health centers were relocated to West Virginia Code of State Rules Section 71-25-1 to -13. Throughout this opinion, we refer to the regulations previously located at Section 64-11-1 to -13, that were in effect and governed at all times relevant to this appeal.

[3] In addition to satisfying regulatory licensing requirements, providers are generally required to obtain a certificate of need from the Health Care Authority. *See* W. Va. Code § 16-2D-13. At the time of its initial licensing application, however, Clean & Clear was statutorily exempt from this requirement. *See id.* § 16-2D-11(b)(20) (2020).

[4] Providers must submit proposed construction plans for OHFLAC's approval before construction at a behavioral health center may begin. *See* W. Va. Code R. § 64-11-4.5.1 (2021).

In March of 2023, the Legislature amended West Virginia Code § 16-2D-9, eliminating certain exemptions that allowed some facilities to operate without obtaining a certificate of need. Relevant here, the amendments require any facility seeking to add licensed substance abuse treatment beds to obtain a certificate of need if the county already has more than 250 licensed substance abuse treatment beds. It also prohibits issuing a certificate of need in any county where this statutory cap has been exceeded. This amendment was codified and enacted at West Virginia Code § 16-2D-9(5) (2023).

In August 2023, Clean & Clear applied for an amended license to operate with an additional 160 substance abuse treatment beds, consistent with the preliminary construction approval it had received from OHFLAC. Clean & Clear received a letter from OHFLAC, dated August 28, 2023, denying its amended licensure application. In its letter, OHFLAC did not address whether Clean & Clear's application complied with the applicable regulatory requirements. Instead, OHFLAC declined to consider the merits of the application and cited the recently enacted restriction on the issuance of certificates of need to facilities seeking to add licensed substance abuse treatment beds in excess of the statutory cap per West Virginia Code § 16-2D-9(5).

In October 2023, Clean & Clear appealed the denial of its application to the DHHR Board of Review ("Board of Review")[5] claiming that West Virginia Code § 16-2D-

---

[5] The Board of Review is now the Office of the Inspector General Board of Review. *See* W. Va. Code §§ 16B-2-1(f)(6), 16B-2-2(a) (2024); *see also supra* at n.1.

9(5) does not apply because Clean & Clear opened its facility under an exemption to the certificate of need process that should remain in effect regardless of the amendment to West Virginia Code § 16-2D-9 and, further, that OHFLAC is estopped from denying Clean & Clear an amended license because it invested substantial resources to accommodate the bed expansion in reliance on OHFLAC's preliminary construction approval. The Board of Review upheld the denial of Clean & Clear's application for a licensure amendment. In the order dated December 8, 2023, the Board of Review provided the following basis for the decision: "[T]he Board of Review lacks the authority to grant relief based upon, or to consider, the issues raised therein. The Board of Review is bound to apply the pertinent statute, West Virginia Code § 16-2D-9(5), and affirm [OHFLAC]'s denial based upon the same." Clean & Clear filed a notice of appeal of the Board of Review's decision with the ICA that was assigned Case No. 24-ICA-22. On April 12, 2024, this Court dismissed Case No. 24-ICA-22 based on Clean & Clear's failure to perfect the appeal. Clean & Clear did not appeal the ICA's dismissal order.

Subsequently, through new counsel, Clean & Clear filed a civil action in the Circuit Court of Kanawha County seeking injunctive and declaratory relief regarding OHFLAC's denial of its licensure amendment. Specifically, Clean & Clear sought a declaration that: (1) West Virginia Code § 16-2D-9(5) is inapplicable under these circumstances because Clean & Clear applied for an amended license, not a certificate of need; (2) the statute is inapplicable because Clean & Clear was provided a statutory exemption under pre-existing law; (3) the statute cannot be retroactively applied against it;

4

(4) the statutory provision is unconstitutionally vague and unenforceable; and (5) Clean & Clear has a vested property right in having its application considered under pre-existing law due to its substantial investment in construction previously approved by OHFLAC. Additionally, Clean & Clear sought an order enjoining OHFLAC from enforcing the amendments to Section 16-2D-9 against it and requiring OHFLAC to consider the merits of its amended licensure application under the governing regulations. In response to the complaint, OHFLAC filed a motion to dismiss arguing, in part, that the circuit court lacked subject matter jurisdiction because Clean & Clear failed to exhaust its administrative remedies by not perfecting its previous appeal in Case No. 24-ICA-22.

At a hearing held on April 21, 2025, the circuit court denied OHFLAC's motion to dismiss finding that Clean & Clear was not required to file and perfect an appeal before the ICA regarding its licensure amendment application in order to exhaust its administrative remedies. On May 1, 2025, before the circuit court entered the order submitted collectively by the parties reflecting denial of the motion, the Supreme Court of Appeals of West Virginia ("SCAWV") issued its decision in *State ex rel. Adkins v. Bailey*, 251 W. Va. 586, 915 S.E.2d 364 (2025), which addressed exhaustion of administrative remedies. Based on that decision, the circuit court determined that it would reconsider the issue of administrative exhaustion and directed the parties to submit supplemental briefing. The circuit court then held a hearing on May 21, 2025, to take up arguments on exhaustion of administrative remedies. At the hearing, the circuit court revisited its prior ruling and granted OHFLAC's motion to dismiss. The circuit court entered an order thereafter

5

dismissing Clean & Clear's claims without prejudice for lack of subject matter jurisdiction. In that order, the circuit court found that Clean & Clear failed to exhaust its administrative remedies by electing to not perfect its previous appeal in Case No. 24-ICA-22. It is from this order that Clean & Clear now appeals.

## II.   STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Additionally, when the facts are not in dispute, appellate review of legal questions of subject matter jurisdiction are reviewed de novo. *See State ex rel. Hope Clinic, PLLC v. McGraw*, 245 W. Va. 171, 176, 858 S.E.2d 221, 226 (2021).

## III.   DISCUSSION

Clean & Clear assigns five errors to the circuit court's order. As several of these assignments of error are closely related, we consolidate and restate them into three primary arguments for our review.[6] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (permitting consolidation of related assignments of error); *Jacquelyn F. v. Andrea R.*, No. 16-0585,

---

[6] Specifically, we consolidate Clean & Clear's second and third assignments of error, which make related arguments regarding its obligation to exhaust administrative remedies under the applicable statutes and regulations, and first and fifth assignments of error regarding its obligation to appeal to the ICA.

2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve related issues). Restated, Clean & Clear argues that the circuit court erred by (1) finding that Clean & Clear was required to exhaust its administrative remedies before seeking court intervention; (2) failing to recognize that exhaustion of administrative remedies would have been futile and, therefore, was not required; and (3) finding that Clean & Clear failed to exhaust its administrative remedies by abandoning its appeal of the Board of Review's decision upholding OHFLAC's denial of Clean & Clear's licensure amendment to the ICA. For the reasons discussed below, we are unpersuaded by these arguments and affirm the circuit court's order.

The general rule regarding the exhaustion of administrative remedies provides "that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." Syl. Pt. 1, *Daurelle v. Traders Fed. Sav. & Loan Ass'n of Parkersburg*, 143 W. Va. 674, 104 S.E.2d 320 (1958). As the SCAWV has explained,

> under the exhaustion of administrative remedies doctrine, where a claim is cognizable in the first instance by an administrative agency alone, judicial interference is withheld until the administrative process has run its course. This doctrine applies when exclusive jurisdiction exists in the administrative agency and the courts have only appellate, as opposed to original, jurisdiction to review the agency's decision.

*Hicks v. Mani*, 230 W. Va. 9, 13, 736 S.E.2d 9, 13 (2012) (quoting Franklin D. Cleckley et al., *Litigation Handbook on the West Virginia Rules of Civil Procedure*, § 12(b)(1), at 339-40 (4th ed. 2012)). The rule requiring the exhaustion of administrative remedies "is applicable, even [when] the administrative agency cannot award damages if the matter is within the jurisdiction of the agency." Syl. Pt. 3, *Bank of Wheeling v. Morris Plan Bank & Tr. Co.*, 155 W. Va. 245, 183 S.E.2d 692 (1971). The SCAWV has also clarified that this doctrine applies to proceedings in equity, such as injunctions, and mandamus actions. *See id.* at 246, 183 S.E.2d at 693, syl. pt. 4 ("Proceedings in equity for injunctions cannot be maintained where there is an administrative remedy provided by statute which is adequate and will furnish proper remedy."); *see also State ex rel. Gooden v. Bonar*, 155 W. Va. 202, 210, 183 S.E.2d 697, 702 (1971) ("Mandamus is available only when all administrative remedies have been exhausted and when there is no other available adequate remedy.").

Clean & Clear does not dispute the availability of an administrative appeal process or the general rule requiring the exhaustion of administrative remedies. Rather, Clean & Clear argues that it was not required to appeal the Board of Review's decision to the ICA because the statute governing administrative appeals—specifically, West Virginia Code § 29A-5-4—is an enabling statute that creates a right, but not a requirement, to seek administrative relief.

West Virginia Code § 29A-5-4 of the State Administrative Procedures Act ("APA") sets forth the statutory framework to challenge administrative decisions. The

8

APA provides that any party adversely affected by a final decision of an administrative agency may seek judicial review. *See* W. Va. Code § 29A-5-4(a) (2021). Parties seeking judicial review of administrative decisions issued after June 30, 2022, must file an appeal with the ICA. *See id.* § 29A-5-4(b).[7] The APA goes on to provide:

> (g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> (h) The judgment of the circuit court or the Intermediate Court of Appeals, whichever is applicable, shall be final unless reversed, vacated, or modified on appeal to the Supreme Court of Appeals of this state in accordance with the provisions of § 29A-6-1 of this code.

W. Va. Code § 29A-5-4(g) & (h).

Clean & Clear relies on a provision of the APA that states, "nothing in this chapter shall be deemed to prevent other means of review, redress, or relief provided by

---

[7] Prior to the creation of the ICA, final administrative decisions were directly appealable to circuit court. *See* W. Va. Code § 29A-5-4(b) (1998). In keeping with that prior regime, the amendments to the APA provide that final administrative decisions issued on or before June 30, 2022, are appealable to circuit court. *See id.* § 29A-5-4(b) (2021).

law." *Id.* § 29A-5-4(a).[8] Based on this language, Clean & Clear contends that the APA does not require administrative exhaustion and, therefore, an appeal to the ICA was unnecessary. In support of its argument, Clean & Clear invokes *McCarthy v. Madigan*, 503 U.S. 140 (1992), for the proposition that exhaustion is required only when expressly mandated by statute. OHFLAC counters that Clean & Clear's argument overlooks the settled common law principle that exhaustion is required when a dispute falls within the purview of an administrative agency, as recognized in *Daurelle*. We agree.

As an initial matter, Clean & Clear's reliance on the APA to excuse administrative exhaustion is misplaced. Instead, the operative framework is the regulatory scheme governing the licensure of behavioral health centers from which Clean & Clear's claims arise. *See State ex rel. W. Va. Bd. of Educ. v. Perry*, 189 W. Va. 662, 665, 434 S.E.2d 22, 25 (1993) (recognizing that the APA does not create substantive rights, which instead arise from statutes, rules, or regulations); *see also Beichler v. W. Va. Univ. at Parkersburg*, 226 W. Va. 321, 324-25, 700 S.E.2d 532, 535-36 (2010) (evaluating the Wage Payment and Collection Act when determining whether exhaustion was required for claims arising under the Act, even though subject to the APA). Further, while it is true that the Legislature may impose an exhaustion requirement,[9] the absence of an express mandate

---

[8] The SCAWV has explained that "[t]his section does not vitiate the rule which requires the exhaustion of administrative remedies before resorting to the courts." *Bank of Wheeling*, 155 W. Va. at 251, 183 S.E.2d at 696.

[9] For example, in *Adkins*, the SCAWV acknowledged the common law principles regarding exhaustion of administrative remedies articulated in *Daurelle* but made clear that

10

does not automatically render exhaustion optional. *See McCarthy*, 503 U.S. at 144 ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs.") (internal citations omitted). To the contrary, the SCAWV has repeatedly held that "where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." *Daurelle*, 143 W. Va. at 674, 104 S.E.2d at 322, syl. pt. 1; Syl. Pt. 2, *Sturm v. Bd. of Educ. of Kanawha Cnty.*, 223 W. Va. 277, 672 S.E.2d 606 (2008) (citation omitted). Thus, where a statute or regulatory scheme provides an administrative process capable of affording an adequate remedy at law, common law requires exhaustion of those administrative remedies. *See Kincell v. Superintendent of Marion Cnty. Schs.*, 201 W. Va. 640, 642, 499 S.E.2d 862, 864 (1997) (per curiam).[10]

---

the obligation to exhaust in the unemployment benefits context arises from the Legislature's express mandate. 251 W. Va. at 595-96, 915 S.E.2d at 373-74. Specifically, that statutory scheme states that "[a] person claiming an interest under the provisions of this article shall exhaust his remedies before the board before seeking judicial review." *Id.* at 600, 915 S.E.2d at 378 (citing W. Va. Code § 21A-7-19).

[10] In *Kincell*, the SCAWV upheld a circuit court's dismissal for failure to exhaust administrative remedies under the West Virginia Public Employees Grievance Procedure ("WVPEGP"). There, schoolteachers filed a civil action without invoking the grievance process and sought injunctive relief challenging changes to the school year calendar that allegedly deprived them of compensation. *Id.* at 641-42, 499 S.E.2d at 863-64. Applying common law principles of exhaustion, the SCAWV held that exhaustion was required because the WVPEGP provided an administrative forum for claims by board of education employees involving compensation, hours, and terms and conditions of employment and that process was "capable of fully resolving what amount[ed] to nothing more than a compensation dispute." *Id.* at 642, 499 S.E.2d at 864. In light of that adequate remedy, the SCAWV further noted that injunctive relief was inappropriate. *Id.*

Clean & Clear's argument also overstates the significance of the permissive statutory language contained in the governing regulations. Although the SCAWV has recognized an exception to the exhaustion requirement, in some cases, where a statute employs permissive language, such as "may," that exception turns not on the option to pursue administrative remedies but applies when the Legislature has authorized an alternative avenue of relief. For example, the SCAWV has held that claimants are not required to exhaust administrative remedies before seeking judicial relief under the West Virginia Whistle-blower Law and the West Virginia Wage Payment and Collection Act based on the express language of the applicable statutes permitting a claimant to pursue claims in an administrative or alternative forum. *See, e.g.*, *State ex rel. Devono v. Wilmoth*, 248 W. Va. 654, 663-64, 889 S.E.2d 736, 745-46 (2023) (public employees were not required to exhaust whistle-blower claims under the WVPEGP because the whistle-blower statute states an employee "may pursue a grievance under the [WVPEGP]" or, alternatively, "may bring a civil action in a court of competent jurisdiction." (quoting W. Va. Code § 6C-1-4)); *Beichler*, 226 W. Va. at 325, 700 S.E.2d at 536 (claimant seeking unpaid wages under the Wage Payment and Collection Act was not required to exhaust administrative remedies under the WVPEGP because the Act provides that a claimant "may bring any legal action necessary" (quoting W. Va. Code § 21-5-12(a))).

Here, unlike in *Devono* and *Beichler*, the regulatory framework governing licensing for behavioral health centers does not provide a claimant with alternative avenues

12

of relief or otherwise permit bypassing the administrative process. Under the regulations, OHFLAC is authorized to deny a licensure application to a behavioral health center when the provider "violates federal, state, or local law relating to building, health, fire protection, safety, sanitation, or zoning . . . and fails to remedy such violation given sufficient notice." W. Va. Code R. § 64-11-13.1.3 (2021). In turn, any provider "who disagrees with the final administrative decision as a result of the hearing may . . . appeal the decision to the [ICA]." *Id.* § 64-11-13.8.1 (2024). On appeal, "[t]he [ICA] may affirm, modify, or reverse the final administrative decision." *Id.* The ICA's decision is then appealable to the SCAWV. *Id.* Critically, these regulations do not include language that permits claimants to seek remedies directly from circuit court or suggest that this administrative process is optional to claimants who choose to challenge an adverse agency decision. Instead, the regulations provide an administrative process that must be exhausted where an adequate remedy exists.

That leads us to Clean & Clear's second assignment of error. Clean & Clear argues that it was not required to exhaust its administrative remedies under these circumstances because, based on OHFLAC's own admission, no legal remedy was available at the administrative level. According to Clean & Clear, the Board of Review did not afford Clean & Clear an opportunity to challenge the application of the statute, as advanced in its civil action before the circuit court, because the agency's authority was limited to applying the statute.

Clean & Clear's argument relies on a limited exception to administrative exhaustion in instances "where resort to the available administrative procedures would be an exercise in futility." *Kincell*, 201 W. Va. at 641, 499 S.E.2d at 863, syl. pt. 2 (citation modified). Indeed, a plaintiff does not need to follow administrative appeal procedures if the appeal would not secure the desired relief. *See State ex rel. Bd. of Educ. of Kanawha Cnty. v. Casey*, 176 W. Va. 733, 735–36, 349 S.E.2d 436, 439 (1986) (finding exhaustion was not required where "[t]he administrative procedures . . . would not have afforded an opportunity for [plaintiff] to secure the relief desired."); *see also Sturm*, 223 W. Va. at 278, 672 S.E.2d at 607, syl. pt. 3 (recognizing an exception to the general rule of exhaustion "[w]here the available administrative remedy is inadequate") (citation omitted). As explained below, however, we find that this exception does not apply under the specific circumstances of this case, because resolution of the issues raised in Clean & Clear's complaint was available through the administrative process.

Clean & Clear's claims center on whether West Virginia Code § 16-2D-9(5) applies to its amended licensure application and whether it has a vested property right to have that application considered under the pre-existing statute and governing rules and regulations. During the administrative process, OHFLAC denied the application based on its determination that Section 16-2D-9(5) applied and rendered Clean & Clear noncompliant with state law. The Board of Review declined to substantively address Clean & Clear's statutory and constitutional arguments that Section 16-2D-9(5) should not have applied to Clean & Clear's amended licensure application. However, had Clean & Clear

pursued its appeal in 24-ICA-22, it would have been well within this Court's authority to address the threshold issue of whether OHFLAC and the Board of Review even had the authority to enforce Section 16-2D-9(5) to a licensure application, and, assuming they did, whether such enforcement was statutorily proper and constitutional as applied to Clean & Clear. *See* W. Va. Code § 29A-5-4(g) (providing that the ICA may reverse, vacate, or modify an agency decision if the findings, conclusions, or decision is, among other things, "[i]n violation of constitutional or statutory provisions;" "[a]ffected by other error of law;" or "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."). Should this Court have required findings of fact that were not apparent on the face of the record, the case also could have been remanded to the Board of Review to hold further proceedings and render those findings. *See id.* For these reasons, we find no merit to Clean & Clear's argument regarding futility. Accordingly, because the regulations establish an administrative process fully capable of affording the relief sought, Clean & Clear was required to exhaust its administrative remedies before seeking judicial intervention in circuit court.

In its third assignment of error, Clean & Clear argues that the ICA is a judicial body, not an administrative tribunal, and therefore it was not required to appeal the Board of Review's decision to the ICA in order to exhaust its administrative remedies. Clean & Clear further contends that, even if the rules of exhaustion require appealing to the ICA,

15

the exhaustion requirement was satisfied because the ICA's dismissal of Clean & Clear's

notice of appeal constituted a final adjudication on the merits.[11] We disagree.

The United States Supreme Court has explained that administrative

exhaustion "does not require merely the initiation of prescribed administrative procedures"

but "exhausting them," meaning "pursuing them to their appropriate conclusion and,

correlatively, of awaiting their final outcome before seeking judicial intervention." *Aircraft*

*& Diesel Equip. Corp. v. Hirsch*, 331 U.S. 752, 767 (1947). This doctrine serves several

purposes, including:

> (1) permitting the exercise of agency discretion and expertise
> on issues requiring these characteristics; (2) allowing the full
> development of technical issues and a factual record prior to
> court review; (3) preventing deliberate disregard and
> circumvention of agency procedures established by Congress
> [or the Legislature]; and (4) avoiding unnecessary judicial
> decision by giving the agency the first opportunity to correct
> any error.

*Sturm*, 223 W. Va. at 282, 672 S.E.2d at 611 (citation omitted). To carry out these

objectives, "[w]hen an appeal to the state courts is given as a part of the administrative

remedy, it is proper to require an aggrieved party to prosecute such appeal before bringing

---

[11] Clean & Clear also argues for the first time on appeal that requiring administrative exhaustion before the ICA is unconstitutional. This argument was not raised or preserved for appeal during the proceeding before the circuit court. As our ruling is based upon the record below, we decline to address this newly raised constitutional argument. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citations and quotations omitted); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting, as a general rule, "an appellate court will not consider an issue raised for the first time on appeal.").

an action in a federal [or state] court." 1A Michie's Jurisprudence *Administrative Law* § 17 at 478 (2026) (citations omitted).

Prior to the creation of the ICA, the SCAWV repeatedly held that, to exhaust administrative remedies, claimants were required to appeal final agency decisions to circuit court. In *Ragione v. Board of Education of Preston County*, No. 17-0037, 2018 WL 300576, at *3 (W. Va. Jan. 5, 2018) (memorandum decision), the SCAWV held that a plaintiff failed to exhaust his administrative remedies when he chose not to appeal a level three decision of the West Virginia Public Employees Grievance Board to the circuit court pursuant to West Virginia Code § 6C-2-5(c) (2007). The SCAWV held that this failure to exhaust deprived the circuit court of subject matter jurisdiction and affirmed dismissal of the complaint. *Id.* The SCAWV again affirmed dismissal of a plaintiff's claims for failure to exhaust her administrative remedies in *Schade v. West Virginia University*, No. 18-0512, 2019 WL 2406730, at *3 (W. Va. June 7, 2019) (memorandum decision), noting that the plaintiff had "abandoned her grievance proceedings, rather than appealing to the circuit court." By foregoing her grievance, rather than completing the available administrative process, the SCAWV held that the plaintiff was barred from litigating those same claims in circuit court. *Id. See also Subramani v. W. Va. Univ. Bd. of Governors*, No. 14-0924, 2015 WL 7628720, at *5 (W. Va. Nov. 20, 2015) (memorandum decision) (finding petitioner failed to exhaust administrative remedies by opting not to appeal the circuit court's decision affirming adverse administrative ruling to the SCAWV). Although these

decisions involved the WVPEGP and were decided prior to the creation of the ICA and the amendments to the APA, they are instructive.

When *Ragione* and *Schade* were decided, the WVPEGP did not expressly require exhaustion of administrative remedies. Rather, the WVPEGP provided that its purpose was "to provide a procedure for the resolution of employment grievances . . . in a fair, efficient, cost-effective, and consistent manner[.]" W. Va. Code § 6C-2-1 (2008). The WVPEGP also provided that a party "may appeal the decision of the administrative law judge" to the circuit court. W. Va. Code § 6C-2-5(b) & (c) (2007). These provisions are similar to the statutory and regulatory framework Clean & Clear appealed under in this case. The rule governing behavioral health centers "establishe[d] general standards and procedures for the licensure of behavioral health services" and provided that its purpose was to be "the basis for the licensing and approval of behavioral health centers providing services." W. Va. Code R.  64-11-1.1, -1.6 (2021). As noted above, the rule also provided that any provider "who disagrees with the final administrative decision as a result of the hearing may . . . appeal the decision to the [ICA]." *Id.* at § 64-11-13.8.1 (2024). The statute governing appeals from the Board of Review in force at the time similarly provided that "[a]ny party adversely affected or aggrieved by a final decision or order of the agency may seek judicial review of that decision by filing an appeal to the [ICA] as provided in § 29A-5-4 *et seq.*, of this code." W. Va. Code § 16-1-22a(c) (2023). That statute further set forth

that "[t]he process established by this section is the exclusive remedy for judicial review of final decisions of the Board of Review[.]" *Id.* at § 16-1-22a(d).[12]

Given the similarity of these provisions, we see no basis to depart from the SCAWV's reasoning in *Ragione* and *Schade* that, where an administrative procedure provides a party the right to appeal an agency decision to a court, that party must take that appeal in order to exhaust its administrative remedies. Moreover, while Clean & Clear focuses on the APA, we find no basis in the recent amendments to that scheme to alter this conclusion. The language in the current version of the APA section governing judicial review is substantially similar to the language in the prior version, except that the amendments provide the right to appeal to the ICA rather than circuit court. *Compare* W. Va. Code § 29A-5-4 (1998), *with* W. Va. Code § 29A-5-4 (2021). Until the SCAWV holds otherwise, we see no basis to apply a different requirement solely because the amendments to the APA substitute the circuit courts with the ICA as the judicial body with appellate jurisdiction over administrative appeals. For these reasons, we hold that Clean & Clear was required to appeal the Board of Review's decision to the ICA, as contemplated by OHFLAC's rules and regulations and the statute governing judicial review of Board of Review decisions, in order to exhaust its administrative remedies.

---

[12] The current version of this statute governing the Office of the Inspector General Board of Review similarly provides that "[t]he process established by this section is the exclusive remedy for judicial review of final decisions of the Board of Review[.]" W. Va. Code § 16B-2-2(d) (2024).

Clean & Clear's failure to do so here is apparent from the record. Upon receiving a decision from the Board of Review upholding OHFLAC's denial of Clean & Clear's licensure amendment, Clean & Clear filed a notice of appeal with this Court. We directed Clean & Clear to perfect the appeal by April 8, 2024. Clean & Clear failed to perfect the appeal by that deadline and, accordingly, the appeal was dismissed.[13] Therefore, by abandoning its appeal before the ICA, Clean & Clear failed to exhaust its administrative remedies. Accordingly, we find no error with the circuit court's order dismissing Clean & Clear's complaint for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the circuit court's June 18, 2025, order granting OHFLAC's motion to dismiss.

Affirmed.

---

[13] Clean & Clear briefly argues that the ICA's dismissal for failure to perfect in 24-ICA-22 should be treated as an adjudication of the merits of Clean & Clear's appeal that was sufficient to exhaust its administrative remedies. The only authorities Clean & Clear cites in support of this argument are Rule 41(b) of the West Virginia Rules of Civil Procedure and an SCAWV case applying that Rule. However, proceedings at the ICA are governed by the West Virginia Rules of Appellate Procedure, not the Rules of Civil Procedure. *See* W. Va. R. App. P. 1(a); W. Va. R. Civ. P. 1. Accordingly, we find no merit in this argument.

20